John T. NUNEZ

v.

NATIONWIDE MUTUAL INSURANCE
CO.

Supreme Judicial Court of Maine.

Argued March 15, 1983.

Decided May 26, 1983.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Ernest J. Babcock (orally), Meri N. Lowry, Portland, for plaintiff.

Hunt, Thompson & Bowie, James M. Bowie (orally), Glenn H. Robinson, Portland, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

PER CURIAM.

Nationwide Mutual Insurance Company had issued an automobile insurance policy which provided liability coverage to Carlos Valldejuli on July 14, 1979 when he became involved in a collision with John T. Nunez on Route 11 in Casco. Nunez subsequently brought suit against Valldejuli in the United States District Court, District of Maine, for his personal injuries sustained in the accident. Settlement of that plenary action raised a question concerning the $50,000 policy limit which Nunez and Nationwide seek to have us decide on report from the Superior Court, Cumberland County. We decide that the record does not properly generate an issue for decision and, accordingly, we discharge the report.

The question to which the parties seek our answer is whether Nationwide is liable for the payment of prejudgment interest in excess of the policy limit of $50,000. They attempted to preserve the issue by stipulating [1] in the federal court that judgment be entered in favor of Nunez for $50,000 "without costs" and that "the issue of *Defendant Valldejuli's* obligation, if any, with respect to the payment of pre-judgment interest on said $50,000.00 judgment, from the date of the filing of the Complaint, September 14, 1979, to and including the date of the entry of judgment, May 13, 1982, will be decided by a declaratory judgment action in the Maine Superior Court." (Emphasis added.) Thereafter, Nunez filed the complaint now before us alleging, *inter*

---

1. Although the insurance policy at issue was attached to the Superior Court complaint, the stipulation was not. Rather, an attested copy approved by the federal judge was simply filed along with the complaint and a joint motion for report to the Law Court.

*alia,* that Nationwide "has agreed to pay Plaintiff all sums which it is directed to pay Plaintiff by order of this Court, under its policy, in exchange for the dismissal of the direct action against ... Valldejuli...." The complaint further alleges that "Plaintiff has preserved the right to file this declaratory judgment action against Defendant to seek a determination by the Court as to whether Plaintiff is entitled to pre-judgment interest on the amount [of the settlement]." Nationwide admitted all of the allegations of the Superior Court complaint except that quoted last above, as to which Nationwide asserts "the question is whether pre-judgment interest on the amount paid by Defendant is covered by the insurance policy referred to in Plaintiff's Complaint." Valldejuli was not joined as a party defendant in this state action.

■ Initially, this case was reported to the Law Court by agreement of the parties pursuant to M.R.Civ.P. 72(a). Resort to that procedural device is limited to cases where both sufficient doubt and sufficient importance justify the Superior Court in reporting an action without any decision by that court. *See Giles v. Maine Fidelity Life Insurance Co.,* 402 A.2d 473 (Me.1979); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 72.5 at 413 (2d ed. Supp.1981). The parties apparently have attempted to convert the report into one on agreed facts pursuant to M.R.Civ.P. 72(b). An "addendum" to the plaintiff's brief contains a photocopy of an agreed statement of facts apparently signed by counsel[2] on December 6, 1982, some six weeks after the record was transmitted to the Law Court. No trace of the original agreed statement can be found in the record or even in the Law Court's own file. We must, therefore, disregard the document entirely.

■ Although the parties insisted at oral argument that there existed a genuine controversy and that our decision would undoubtedly resolve it, we must decline to entertain that controversy on the present record. First, by the terms of the purported stipulation filed in federal court, it appears that the controversy is whether or not *Valldejuli* is obligated to pay prejudgment interest *in that action.* Second, by the language of the complaint for declaratory judgment it appears that the controversy is whether or not *Nunez* is entitled to be paid prejudgment interest *in the federal action.* We need not decide whether either question involves issues of substantive state law as opposed to federal procedural rules, or both, because the parties insist that neither of these questions is the one to which they seek answer. Instead, we think it appropriate to await the presentation of a controversy properly postured for our decision.

Although we must discharge this report, we are prepared to decide the merits of this case upon the briefs already filed and the oral argument already heard when and if the controversy is properly presented. After preparation of an amended complaint or filing of a statement under M.R.Civ.P. 8(g) the parties may proceed in any manner consistent with the rules to present the issues upon a supplemental record. *See York Mutual Insurance Co. of Maine v. Mooers,* 415 A.2d 564 (Me.1980).

The entry is:

Report discharged.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

2. Although the copy of the signature of plaintiff's counsel resembles that on the joint motion to report, it differs substantially from that on the complaint. The signature on the complaint, however, is followed by initials, possibly those of a secretary.