John T. NUNEZ

v.

NATIONWIDE MUTUAL INSURANCE
CO., et al.[1]

Supreme Judicial Court of Maine.

Originally Argued March 15, 1983.

Re-submitted after Remand Oct. 7, 1983.

Decided March 27, 1984.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Ernest J. Babcock (orally), Gregory W. Powell, Portland, for plaintiff.

Hunt, Thompson & Bowie, James M. Bowie (orally), Glenn H. Robinson, Portland, for defendant.

Before GODFREY,* NICHOLS, ROBERTS, CARTER,** VIOLETTE and WATHEN, JJ.

ROBERTS, Justice.

By means of a report under M.R.Civ.P. 72(a) from Superior Court, Cumberland County, the parties seek a declaratory judgment whether Nationwide Mutual Insurance Co. is obligated to pay on the personal injury claim of John T. Nunez prejudgment interest in excess of the limits under an automobile insurance policy which provided liability coverage to Carlos Valldejuli. Although Nationwide concedes that 14 M.R. S.A. § 1602 (1980) would be applicable to Nunez's claim,[2] it denies that it is obligated to pay any prejudgment interest[3] and claims that, in any event, its obligation is limited by the overall $50,000 coverage limitation.[4] We agree that any obligation to pay prejudgment interest would, in the circumstances of this case, be precluded by the coverage limitation and we so declare.

---

1. After we discharged the report of the original complaint for declaratory judgment, *Nunez v. Nationwide Mutual Insurance Co.*, 460 A.2d 585 (Me.1983), a separate statement of the case pursuant to M.R.Civ.P. 8(g) was filed and consolidated with the complaint. Carlos Valldejuli joined in the rule 8(g) statement and is now a party before us.

* Godfrey, J. sat at oral argument and participated in the initial conference but retired before this opinion was adopted.

** Carter, J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

2. 14 M.R.S.A. § 1602 then provided:
   In all civil actions, except those actions involving a contract or note which contract or note contains a provision relating to interest,

interest shall be assessed from the date on which the complaint is filed in court, provided that if the prevailing party at any time requests and obtains a continuance for a period in excess of 30 days, interest will be suspended for the duration of the continuance. From and after the date of entry of an order for judgment, including the period of the pendency of an appeal, interest shall be allowed at the rate of 10% per year.
   Subsequent amendments increased the rates of interest. 14 M.R.S.A. § 1602 (Supp. 1983–1984).

3. Nunez concedes that the Nationwide policy does not contain any express provision regarding prejudgment interest.

4. The policy provides that "[t]he limit of bodily injury liability stated in the Declaration [$50,-000] as applicable to 'each person' is the limit of the Company's liability for all damages sus-

We express no approval of the method utilized by the parties to resolve their dispute about insurance coverage. We previously pointed out the failure of the original record on report to generate an issue for decision. *Nunez v. Nationwide Mutual Insurance Co.,* 460 A.2d 585 (Me.1983). Although the present record is somewhat more complete, there remain ambiguities, such as (1) no court has specifically awarded Nunez prejudgment interest on his claim against Valldejuli and (2) in his signed release, Nunez acknowledged receipt of "such prejudgment interest as is due under [the policy]. . . ."

The present record, along with the exhortations of counsel, does satisfy us that a genuine controversy will be resolved by our answering the request for a declaratory judgment.[5] The record discloses that Nunez and Nationwide, as liability insurer of Valldejuli, agreed to settle Nunez's suit then pending against Valldejuli in United States District Court for the District of Maine. That agreement apparently involved payment of the policy limit of $50,000 plus prejudgment interest if, and only if, the insurer could be required to pay prejudgment interest in excess of the policy limit. Thereafter, the parties sought to resolve the dispute over the coverage afforded by the policy by means of this declaratory judgment action reported from Superior Court.

Nunez relies heavily upon the statute mandating the payment of prejudgment interest, 14 M.R.S.A. § 1602, and the insurance policy provisions for payment of other costs of litigation. Citing the statutory purpose to reduce litigation delay as described in *Batchelder v. Tweedie,* 294 A.2d 443 (Me.1972) and pointing to the insurer's control of the litigation, Nunez claims that the public policy embodied in section 1602 will be defeated if the insurance carrier is not liable for prejudgment interest. The statute, however, is essentially neutral regarding the question now before us. Nationwide concedes that section 1602 would apply to the suit against Valldejuli. Likewise the statute would be applicable to a direct action against Nationwide pursuant to 24–A M.R.S.A. § 2904. As to the extent of coverage under a liability policy, the statute is silent.

Nunez also argues, somewhat paradoxically, that prejudgment interest is included by implication within the coverage afforded by the policy but that prejudgment interest is not within the limitation of the company's liability for all damage sustained by one person. Nationwide, with equivalent semantic difficulty, maintains that prejudgment interest *is not* included within its general obligation to pay sums the insured becomes liable "to pay as damages . . . because of . . . personal injury," but that prejudgment interest *is* within the limitation of its liability "for all damages sustained because of the injury to one person." At this time we need decide only the issue of limitation, and we address the question solely as postured by the limited facts of this case.

At oral argument, Nunez's counsel agreed that nothing in the record indicated any bad faith or delay on the part of Nationwide. The issue, therefore, is not whether under some circumstances an insurer could become obligated to pay prejudgment interest in excess of the coverage limitation. Rather, the issue is whether Nationwide is obligated in any and all circumstances to pay prejudgment interest even when the payment exceeds the policy limits. The better rule and the weight of authority in other jurisdictions, e.g., *Guin v. Ha,* 591 P.2d 1281 (Alaska 1979); *Factory Mutual Liability Insurance Company of*

---

tained because of the injury to one person in any one occurrence." Nationwide has paid to Nunez the facial limit of $50,000.

5. We are motivated by our policy of favoring amicable pretrial settlement of cases, albeit a federal case in this instance.

*America v. Cooper,* 106 R.I. 632, 262 A.2d 370 (1970); *Walker v. Walker,* 108 N.H. 341, 235 A.2d 520 (1967); *Laplant v. Aetna Casualty and Surety Co.,* 107 N.H. 183, 219 A.2d 283 (1966), would not require payment in excess of the limits.[6] The limitation serves a legitimate purpose and, except for express policy exceptions or statutory requirements not present in this case, the limitation ought to apply to all sums which the insurer is obligated to pay. The plain language of the policy controls under these circumstances.

The entry is:

Remanded to the Superior Court for entry of a judgment declaring that Nationwide is not obligated to pay prejudgment interest.

NICHOLS, VIOLETTE, and WATHEN, JJ., concurring.

**6.** Nunez cites one case contrary to our decision—*Denham v. Bedford,* 407 Mich. 517, 287 N.W.2d 168 (1980). We, like the Alaskan court in *Guin v. Ha,* have carefully considered the argument that persuaded the Michigan court to require, as a matter of public policy, the payment of prejudgment interest in excess of policy limits. We note that there is present in the case before us none of the evils which concerned the Michigan court. We reserve the opportunity to deal with such problems when they arise.