Gerald SIMPSON

v.

HANOVER INSURANCE
COMPANY et al.

Supreme Judicial Court of Maine.

Argued March 5, 1991.

Decided March 19, 1991.

---

David J. Edgar (orally), Houlton, for plaintiff.

David C. King (orally), Rudman & Winchell, Bangor, for defendant.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
COLLINS and BRODY, JJ.

GLASSMAN, Justice.

The plaintiff, Gerald Simpson, appeals from the judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) for Simpson in the amount of $25,000 against the defendant, Hanover Insurance Company (Hanover), pursuant to the provisions of its automobile insurance contract providing Simpson with coverage for damages caused by the negligence of an uninsured or underinsured motorist. Simpson challenges the court's disallowance of prejudgment interest and the court's reduction of the fee charged by an expert witness in determining the amount of costs awarded to Simpson. Finding no error, we affirm the judgment.

In April 1983, Simpson suffered injuries when an automobile operated by the defendant, Wesley N. Miller, crashed through the garage door of Simpson's business and propelled him into a welding apparatus. At the time of the accident, Miller had an automobile accident insurance policy with Maine Bonding and Casualty Company (Maine Bonding) in the amount of $25,000. Simpson's insurance contract with Hanover provided that Hanover would pay Simpson

a maximum of $50,000 if he became entitled to recover judgment from an uninsured or underinsured motorist. In August 1986, Simpson filed the current suit against both Miller and Hanover, alleging that Miller had negligently caused Simpson damages in the amount of $100,000, and because Miller had only $25,000 in casualty insurance, Simpson was entitled to recover $50,000 pursuant to his insurance contract with Hanover. In its answer to the complaint, Hanover denied the allegation that Miller had been negligent, denied that Simpson's damages exceeded the policy limits of Miller's own accident insurance coverage, and averred that if the actual judgment exceeded Miller's coverage, Hanover's maximum potential liability would be $25,000, the difference between Simpson's underinsured motorist coverage of $50,000 and Miller's Maine Bonding policy of $25,000. Hanover filed a cross-claim against Miller for any liability it might incur to Simpson under its insurance contract.

After Miller failed to answer the complaint, a default was entered, and the court denied Miller's motion to set aside the default; Simpson and Maine Bonding agreed to a settlement of $25,000, the limits of Miller's insurance coverage with Maine Bonding. Following a trial on the remaining count of the complaint against Hanover, a jury returned a verdict for Simpson specifically finding that Miller was negligent and that Simpson had suffered damages in the amount of $71,000. Hanover filed motions to alter and amend the judgment, to submit to the court evidence of the contents of Hanover's insurance contract with Simpson, and for waiver of prejudgment interest. Based on the terms of Hanover's insurance contract, the court entered judgment against Hanover for $25,000 and refused to include prejudgment interest in that award. After a hearing on Hanover's objections to the bill of costs submitted by Simpson, the court reduced by $120 the fee charged by one of Simpson's expert witnesses. Simpson appeals from the judgment.[1]

■ Relying on the language of 14 M.R.S.A. § 1602(1) (1980 & Supp.1990),[2] Simpson contends that the Superior Court erred in ordering the waiver of Hanover's liability for prejudgment interest. Although Simpson did not request prejudgment interest in his complaint, the statute presumes that a prevailing party is entitled to an award of prejudgment interest and places the burden of proof on the nonprevailing party to establish a "good cause" for a full or partial waiver of that interest. *See Sawyer v. Walker,* 572 A.2d 498, 499–500 (Me.1990). This presumption encourages the defendant to conclude a pretrial settlement of clearly meritorious suits. *Batchelder v. Tweedie,* 294 A.2d 443 (Me. 1972).[3] However, in *Nunez v. Nationwide*

1. Simpson initially appealed to this court on August 20, 1990. Because the docket entries failed to disclose the earlier settlement between Miller, Maine Bonding, and Simpson, the case was remanded to the trial court for the entry of a dismissal of the count against Miller in Simpson's complaint and of Hanover's cross-claim against Maine Bonding. Thereafter, Simpson filed a timely appeal.

2. Section 1602(1) provides in pertinent part:
 In all civil actions, except those actions involving a contract or note which contains a provision relating to interest, prejudgment interest shall be assessed at a rate [specified by statute].... Prejudgment interest shall accrue from the time of notice of claim setting forth under oath the cause of action, served personally or by registered or certified mail upon defendant until the date on which an order of judgment is entered. If no notice of claim has been given to the defendant, prejudgment interest shall accrue from the date on which the complaint is filed. If the prevailing party at any time requests and obtains a continuance for a period in excess of 30 days, interest shall be suspended for the duration of the continuance. On petition of the nonprevailing party and on a showing of good cause, the trial court may order that interest awarded by this section shall be fully or partially waived.

3. We have previously held that the statute places responsibility to conduct litigation efficiently upon both parties. The plaintiff is allowed interest from the outset of the litigation, provided he causes no delay. The defendant is thereby given incentive to expedite a speedy trial and post trial proceeding. Delays in the process will render him liable for additional interest. The plaintiff, however, may lose his right to interest if he causes delay. The right to interest is not absolute but is subject to enlargement or loss due to the parties' conduct of the proceedings....

*Mutual Ins. Co.,* 472 A.2d 1383 (Me.1984), we held that the insurance company of the defendant in a tort action was not liable to the plaintiff for prejudgment interest when such an interest award would increase the insurer's total liability beyond the limits of the coverage provided in the defendant's accident insurance policy. Absent evidence of "bad faith" by the insurer in delaying the litigation process, the limitation of liability provided in the accident insurance policy "serves a legitimate purpose and, except for express policy exceptions or statutory requirements not present in this case, the limitation ought to apply to all sums which the insurer is obligated to pay." *Id.* at 1384–85. Citing our decision in *Nunez,* the trial court in the present action determined that Hanover was not required to pay any prejudgment interest to Simpson, since the addition of such interest to the damage award would increase its total liability beyond the limited coverage of $25,000 provided in its insurance contract with Simpson.

██ We find no merit in Simpson's contention, advanced for the first time at oral argument, that the addition of prejudgment interest to the award would not increase Hanover's liability beyond the limits of the policy coverage. He argued that because the court entered a judgment against Hanover in the amount of only $25,000, an additional $25,000 was available to cover an award of prejudgment interest. The insurance contract clearly provides that although Hanover is potentially liable up to a maximum of $50,000, its liability under the policy would be reduced by all sums already paid to Simpson by an underinsured

motorist and his insurer. Accordingly, after Simpson's settlement with Miller and Maine Bonding in the amount of $25,000, Hanover's maximum potential liability under the underinsured motorist provisions of its contract of insurance with Simpson was reduced to $25,000.

██ Simpson attempts to distinguish the *Nunez* decision from the present case on three grounds.[4] First, *Nunez* involved an indirect recovery by the plaintiff under an insurance contract held by the alleged tortfeasor, not a direct contractual relationship between the plaintiff and his own insurer. Second, unlike an accident insurance policy, an underinsured motorist policy affords a type of casualty insurance that obligates the insurer to pay from the date it is notified of the insured's claim for damages, rather than from the date of the entry of a judgment. Finally, unlike the insurer in *Nunez,* Hanover exercised *total* control over the course of the litigation and over any prospects for an early settlement of the case.

We find no merit in Simpson's attempt to distinguish the two cases. In neither *Nunez* nor the present case did the insurer explicitly assume an obligation for prejudgment interest under the terms of its insurance contract. *See Guin v. Ha,* 591 P.2d 1281, 1284 (Alaska 1979). Both insurance contracts provided that the insurer would not be obligated to pay until such time as a judgment was rendered against the tortfeasor, and the insurers' failure to pay before that time would not constitute a breach of contract.[5] Contrary to Simpson's

---

*Batchelder v. Tweedie,* 294 A.2d at 444.

**4.** The cases cited by the plaintiff from other jurisdictions regarding the insurer's liability for prejudgment interest under an uninsured motorist policy are clearly distinguishable from the present case. *Higgins v. J.C. Penney Casualty Ins. Co.,* 413 N.W.2d 189, 191 (Minn.Ct.App. 1987), involved a situation where "it is clear that the insurance contract was breached." *Herndon v. Government Employees Ins. Co.,* 530 So.2d 516, 518–19 (Fla.Dist.Ct.App.1988), resolved which state's prejudgment interest law was applicable to the insurance contract, but did not address whether applicable state law allowed prejudgment interest in excess of policy limits.

In *J.C. Penney Casualty Ins. Co. v. Woodard,* 190 Ga.App. 727, 731, 380 S.E.2d 282, 286 (1989), the court specifically held that the trial court, upon remand for consideration of a remittitur, must *not* include prejudgment interest that would exceed policy limits.

**5.** The uninsured motorist coverage in the Hanover policy provided that Hanover would "pay *damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle* because of bodily injury ... [s]ustained by a covered person [and] [c]aused by an accident...." (Emphasis added).

contention, neither insurance contract provided casualty insurance that would "become absolute whenever such loss or damage, for which the insured is responsible, occurs." 24–A M.R.S.A. § 2903 (1990).

Although insurance contracts may be subject to implied covenants of good faith and fair dealing, in this case there is no claim and the record does not disclose any evidence to suggest that Hanover has needlessly prolonged the litigation process. Like the insurer in *Nunez*, Hanover delayed payment under the explicit terms of the insurance contract until entry of the judgment, determining both the issue of the tortfeasor's negligence and the extent of the plaintiff's damages.[6] While Hanover may have exercised total control over the prospects for early settlement of the present suit, such substantial influence by insurers is commonly found in most tort cases involving insurance contracts. Accordingly, on the facts of this case we find no reason to depart from the general principle announced in *Nunez*.

██ We also find no merit in Simpson's contention that the court abused its discretion in reducing as an allowable cost the amount submitted by Simpson for an expert witness's fee. The decision regarding the reasonableness of costs is committed to the sound discretion of the trial court, *Greenlaw v. Rodney Stinson Post No. 102*, 567 A.2d 75, 76 (Me.1989), and the court is not bound to accept as a reasonable allowable cost the fee agreed on by a party and its expert witness. *See* 14 M.R.S.A. § 1502–C(1) (Supp.1990); *Grant v. Warren Brothers Co.*, 405 A.2d 213, 221 (Me.1979).

The entry is:

Judgment affirmed.

All concurring.

---

6. Although Miller's default determined the issue of liability as to Miller, Simpson would not be legally entitled to recover from Hanover until the jury determined the negligence of Miller and the amount of Simpson's damages caused by Miller's negligence.