Marie R. **PIERCE**, et al.

v.

**CENTRAL MAINE POWER CO.**

Supreme Judicial Court of Maine.

Argued Jan. 11, 1993.
Decided March 11, 1993.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Defendant Central Maine Power Co. (CMP) appeals from a Superior Court judgment (York County, *Fritzsche, J.*) following a jury trial. The jury found CMP liable for an accident in which a crane touched a power line at a construction site and awarded damages to plaintiffs Marie R. Pierce, Ronald D. Nadeau, and Martin L. Lancaster. CMP contends on appeal that the Superior Court erred (1) by refusing to admit plaintiffs' pleadings and answers to interrogatories for impeachment purposes; (2) by failing to estop plaintiffs from contending that CMP was solely responsible for the accident; (3) by admitting testimony from plaintiffs' expert witness that the accident was foreseeable; and (4) by informing the jury of a statutory cap on damages for loss of comfort and society. CMP also contends the court abused its discretion by reversing its ruling admitting evidence that one plaintiff was receiving workers' compensation benefits. Plaintiffs cross-appeal, contending the court abused its discretion by partially waiving prejudgment interest. Finding error only in the court's partial waiver of prejudgment interest, we remand for an award of prejudgment interest from the date on which the complaints were filed and otherwise affirm.

In 1986, Jon Pierce, Ronald Nadeau and Martin Lancaster were employed by a contractor renovating a former tannery complex in Saco. The three were steadying a steel beam as it was being moved across the construction site by a crane. The boom of the crane struck transmission lines owned and maintained by CMP. The electricity was conducted through the steel beam, electrocuting Jonathan Pierce and injuring Nadeau and Lancaster.

Nadeau, Lancaster, and Marie Pierce, the personal representative of her husband's estate, separately brought actions against CMP; Nelcon, Inc., the owner of the crane; Nelson Welding & Co., the employer of the operator of the crane; and Grove Manufac-

George W. Beals (orally), Karen B. Lovell, Terrance D. Garmey (orally), Smith & Elliott, P.A., Portland, for plaintiffs.

Charles A. Harvey, Jr. (orally), Verrill & Dana, Portland, for defendant.

turing Co., the crane's manufacturer.[1] The actions were consolidated for discovery and trial. Shortly before trial, plaintiffs settled with Grove Manufacturing and dismissed their complaint as to all defendants except CMP.

After trial, the jury returned a verdict finding CMP liable and awarding plaintiffs damages. After subtracting the amount of the prior settlement with Grove Manufacturing, Pierce was awarded approximately $530,000, Nadeau $153,000, and Lancaster $228,000, plus interest and costs. The court subsequently waived two years of prejudgment interest. These appeals followed.

## I.

In pleadings and answers to interrogatories, plaintiffs alleged with some specificity that one or more of the named defendants, Nelson Welding & Co., Nelcon, Inc., and Grove Manufacturing Co., were a cause of their injuries. At trial, however, counsel for plaintiffs Nadeau and Lancaster told the jury in their opening statement that "[t]here will not be one shred of evidence in this case to suggest that any worker on that accident site consciously disregarded a safety practice." CMP argues that the thrust of the testimony elicited by plaintiffs from the crane's operator was contrary to assertions previously made by plaintiffs; that plaintiff Pierce testified on cross-examination that she was claiming CMP to be totally at fault; and that plaintiff Pierce's counsel suggested to the jury that CMP was unfairly trying to blame others for the accident.

■ The presiding justice refused CMP's request to admit plaintiffs' pleadings and interrogatory answers on the ground that

the evidence was likely to confuse the jury as to the litigation or the settlement with other possible defendants. *See* M.R.Evid. 403. CMP contends that the court erred by refusing to admit plaintiffs' prior statements that were inconsistent with statements made in the trial. We review for abuse of discretion or other error.

■ We recognize broad discretion by the presiding justice in ruling on the admissibility of evidence challenged as unfairly prejudicial. *State v. Wallace*, 431 A.2d 613, 616 (Me.1981). Prior admissions by a party-opponent are admissible under M.R.Evid. 801(d)(2).[2] Although authority exists elsewhere for admitting amended, withdrawn, or superseded pleadings under certain circumstances, the excluded pleadings in this case were not significantly probative in determining the factual circumstances of the accident but merely reflected plaintiffs' allegation, before discovery, that multiple parties had legal liability for the accident. The court did not abuse its discretion or err by refusing to admit plaintiffs' pleadings given the court's concern about jury confusion. *See Vincent v. Louis Marx & Co., Inc.*, 874 F.2d 36, 41 (1st Cir.1989) (finding that the issue whether to admit or exclude inconsistent allegations in a prior pleading requires a Fed. R.Evid. 403 balancing test). Neither was there error in declining to exercise the power of judicial estoppel.

The same rationale applies to the court's refusal to admit similar conclusory allegations contained in plaintiffs' answers to interrogatories. Such answers may be used at trial "to the extent permitted by the rules of evidence." M.R.Civ.P. 33(b). The court, however, did not abuse its dis-

---

1. The plaintiffs' action against Nelson Welding & Co. and Nelcon, Inc. alleged negligence in the supervision, maintenance, and operation of the crane. The action against CMP alleged negligence in failing to cover the wires with insulating material or to use visual warnings. The action against Grove Manufacturing Co. alleged negligence, strict liability, and breach of warranty for failure to equip the crane with a proximity warning alarm or with an insulating link between the cable and the load.

2. Admissions by a party-opponent are not hearsay if:

   The statement is offered against a party and is (A) his own statement, in either his individual or a representative capacity, or (B) a statement of which he has manifested his adoption or belief in its truth, or (C) a statement by a person authorized by him to make a statement concerning the subject, but not to the principal or the employer himself ...

   M.R.Evid. 801(d)(2).

cretion in making a M.R.Evid. 403 determination that the danger of confusion outweighed the probative value.

## II.

■ CMP contends the court erred by allowing plaintiffs' expert witness to testify that the accident was foreseeable. CMP argues that testimony was inadmissible because it was framed in the same language that the court would use in instructing the jury on the legal standards. Plaintiffs' expert witness, an electrical engineer, answered a hypothetical question concerning the "foreseeability" of a crane contacting a high voltage wire and testified to an "impression of foreseeability of possible contact" based upon his review of materials in this case. The court instructed the jury that "foresight" was the proper test to be applied and that negligence is a legal cause of damage if the damage is "a reasonably foreseeable consequence" of the negligent act.

■ Opinion testimony "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." M.R.Evid. 704. We defer to the discretion of the presiding justice in making the M.R.Evid. 704 determination and will not disturb the exercise of that discretion "absent a clear abuse of discretion or an error of law.". *Minott v. F.W. Cunningham & Sons*, 413 A.2d 1325, 1330 (Me.1980). The question posed to the witness, although phrased in the terminology of a legal standard, was not subject to misunderstanding by the witness or the jury. 1 McCormick on Evidence § 12, at 50–51 (4th ed. 1992). The court did not clearly abuse its discretion or commit an error of law in allowing the testimony into evidence.

## III.

■ CMP contends the Superior Court erred by informing the jury that the maximum award for loss of comfort and society under the wrongful death statute was $50,-000.[3] CMP argues that the information provided an incentive for the jury to increase the award for pain and suffering or economic loss in response to the natural sympathy it might entertain for these plaintiffs. We review for error of law.

Having chosen to instruct the jury with regard to the $50,000 statutory cap, the court expressly stated that the jury could not shift damages in excess of the cap from one category to another.[4] We presume in the absence of evidence to the contrary that a properly instructed jury will not engage in misconduct by ignoring an instruction. *Michaud v. Steckino*, 390 A.2d 524, 536 (Me.1978). No inference can be drawn from the jury verdict in the present case that the jury disregarded the court's instruction.

## IV.

■ CMP argues that the court abused its discretion by reversing two pretrial rulings. CMP moved *in limine* to admit evidence that plaintiff Nadeau was receiving full disability workers' compensation benefits in order to show that he had an incentive to prolong his disability and feign symptoms. Plaintiff Nadeau moved *in limine* to exclude testimony from his doctor that Nadeau had stated that he expected a sizeable settlement. After a pretrial hearing, the court granted CMP's motion to admit evidence of receipt of workers' compensation benefits and denied plaintiff Nadeau's motion to exclude the doctor's testimony. Following a final settlement conference, the court reversed both rulings on the ground that the danger of unfair prejudice

3. The statutory maximum applicable to this case, since amended, was $50,000:

> The jury ... may give damages not exceeding $50,000 for the loss of comfort, society and companionship of the deceased. ...
>
> 18–A M.R.S.A. § 2–804 (Supp.1988).

4. The exact instruction to the jury was:

> The Maine law permits, but does not require, damages in an amount not to exceed $50,000 for this category of damages. If you determine that more than $50,000 was warranted, the most that you could award for this category is $50,000, and you may not add the extra, if there was any, over the $50,000 to another category.

outweighed the probative value. Because CMP declined to settle with any plaintiff unless all plaintiffs settled, the court concluded that CMP wanted to keep plaintiff Nadeau in the case for the potential effect of Nadeau's alleged malingering on the other plaintiffs' claims.

■ Although the justice might have stated more carefully his basis for changing his rulings, his comments do not reveal an improper reassessment of the unfairly prejudicial effect of the evidence as weighed against its probative value. A party's receipt of workers' compensation benefits, although possibly "relevant and admissible for specific limited purposes" such as their effect on plaintiff's effort to seek work and mitigate damages, poses a great danger of creating unfair prejudice if admitted. *Theriault v. Swan*, 558 A.2d 369, 371 n. 3 (Me.1989). Further, Nadeau's statement to his doctor that he expected a substantial settlement had little probative value and similarly had potential for unfair prejudice. Whether resulting from an original determination or a reassessment prompted by pretrial discussions, the exclusion of the evidence did not involve an abuse of discretion. *Pelkey v. Canadian Pacific Ltd.*, 586 A.2d 1248, 1253 (Me.1991) (stating that evidence may be excluded, even if relevant, if its probative value is substantially outweighed by the danger of unfair prejudice).

## V.

After trial, CMP moved for a partial or full waiver of prejudgment interest, and plaintiffs requested an evidentiary hearing on the issue as provided by 14 M.R.S.A. § 1502–D (Supp.1992).[5] Refusing plaintiffs' request for a hearing, the court ordered that two years of prejudgment interest be waived in accordance with 14 M.R.S.A. § 1602 (Supp.1992).[6] The court explained the basis for its ruling as follows:

The case clearly took too long to get to trial and cost too much money to prepare. There are a number of reasons for the delays. New counsel did appear. Some of the defendants went into bankruptcy. Grove took an unsuccessful interlocutory appeal to the Law Court. It is difficult to obtain a trial date in another busy county. The attorneys filed numerous motions with substantial supporting memoranda. Perhaps stricter controls by the Court were warranted. The vigorous pursuit of Grove and the modest settlement with it resulted in Grove supplying the working capital to allow the plaintiffs to pursue CMP. That tactic or, at least, result added substantially to the time to complete the case.

■ Plaintiffs challenge the Superior Court's disallowance of two years of prejudgment interest, contending that the court failed to hold an evidentiary hearing and abused its discretion. An evidentiary hearing on the reasonableness of prejudgment interest is provided by statute "only when the judge determines that there exists a substantial need for the hearing and the amount of challenged costs or interest are substantial." 14 M.R.S.A. § 1502–D (Supp.1992). The court in this case determined that an evidentiary hearing was unnecessary "[a]s the written material is comprehensive, and as I was specially assigned to the cases and am familiar with the issues." We review the denial of a hearing and the determination of interest for an abuse of discretion or other error of law. *Boudreau v. Manufacturers & Merchants Mut. Ins. Co.*, 588 A.2d 286, 289 (Me.1991).

**5.** The statute provides, in pertinent part, as follows:

An evidentiary hearing on the reasonableness of costs or interest will be held only when the judge determines that there exists a substantial need for the hearing and the amount of challenged costs or interest are substantial. 14 M.R.S.A. § 1502–D (Supp.1992).

**6.** Prejudgment interest is provided by statute, in pertinent part, as follows:

In all civil actions, except those actions involving a contract or note which contains a provision relating to interest, prejudgment interest shall be assessed at a rate:

On petition of the nonprevailing party and on a showing of good cause, the trial court may order that interest awarded by this section shall be fully or partially waived. 14 M.R.S.A. § 1602(1) (Supp.1992).

We have interpreted 14 M.R.S.A. § 1602 (Supp.1992) as presuming that the prevailing party is entitled to prejudgment interest on the rationale that the presumption "encourages the defendant to conclude a pretrial settlement of clearly meritorious suits." *Simpson v. Hanover Ins. Co.*, 588 A.2d 1183, 1185 (Me.1991). The presumption is lost, however, to the extent that the plaintiff causes delay. "The right to interest is not absolute but is subject to enlargement or loss due to the parties' conduct of the proceedings...." *Id.* at 1185 n. 3 (citing *Batchelder v. Tweedie*, 294 A.2d 443, 444 (Me.1972)). The history of this litigation, however, does not warrant the waiver. Plaintiffs settled with Grove Manufacturing two weeks before the commencement of their trial with CMP, undermining the contention that the settlement with Grove Manufacturing provided capital for plaintiffs' litigation. There is no reason to suspect that a trial against CMP would not have occurred in the absence of any settlement with Grove, nor is there a finding that the action against Grove was frivolous. The fact of settlement warrants an inference that Grove was properly included as a defendant. The presumption that plaintiffs are entitled to prejudgment interest is not overcome by delay caused by their litigation against a proper defendant. The reasons given by the court do not support a conclusion that the plaintiffs caused unwarranted delays sufficient to overcome the presumption of their entitlement to prejudgment interest. Although we find no abuse of discretion in failing to hold a hearing, we find that the court abused its discretion by partially waiving prejudgment interest on these facts.

The entry is:

Remanded with instruction to modify the judgments to award prejudgment interest from the date on which the complaints were filed. As modified, judgments affirmed.

All concurring. ·