Caouette, et al. v. Presby, et al.    CV-95-587-B    02/09/98

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


**Henry H. Caouette;**
**Geo-Flow, Inc.**


**v.**                                                        C-95-587-B


**David W. Presby;**
**Presby Environmental, Inc.**


## MEMORANDUM AND ORDER

Plaintiffs Henry H. Caouette and Geo-Flow, Inc., brought this action against defendants David W. Presby and Presby Environmental, Inc., alleging patent infringement, breach of contract, and unfair competition in violation of state and federal law.  After trial, the jury found in favor of plaintiffs on the breach of contract claim, awarding $450,000 in damages.  Plaintiffs now move pursuant to Fed. R. Civ. P. 59(e) to amend the judgment in its favor to allow for an award of prejudgment interest.  Defendants have not responded to this motion.  For the reasons discussed below, plaintiffs' motion is granted.


## DISCUSSION

The First Circuit holds that "when a plaintiff secures a jury verdict based on state law, the law of the state governs the award of prejudgment interest."  Aubin v. Fudula, 782 F.2d 287, 289 (1st Cir. 1986), cited in Ahern v. Scholz, 85 F.3d 774, 800

(1st Cir. 1996).  The jury awarded plaintiffs $450,000 in damages based on their state law breach of contract claim.  In addition, in their respective pretrial memoranda, all parties agreed that Maine law controlled the resolution of the breach of contract claim.  Therefore, Maine law controls the award of prejudgment interest.  See id.

Under Maine law, a prevailing party is entitled as a matter of course to prejudgment interest on the verdict.  Me. Rev. Stat. Ann. tit. 14, § 1602 (West 1980 & Supp. 1997).  The Supreme Judicial Court of Maine interprets this statute as creating a presumption that a prevailing party is entitled to such an award.  Pierce v. Central Maine Power Co., 622 A.2d 80, 85 (Me. 1993); Simpson v. Hanover Ins. Co., 588 A.2d 1183, 1185 (Me. 1991).  The non-prevailing party bears the burden of proving that there is "good cause" for a full or partial waiver of an award of prejudgment interest.  Simpson, 588 A.2d at 1185.

Plaintiffs argue that they are entitled to $57,780.00 in interest pursuant to Me. Rev. Stat. Ann. tit. 14, § 1602(1)(B).  That provision states that in cases where the damage award exceeds $30,000, the interest "shall be assessed at a rate ... equal the coupon issue yield equivalent ... of the average accepted auction price for the last auction of 52-week United States Treasury bills settled immediately prior to the date" on

-2-

which the interest is calculated, plus 1%.  Me. Rev. Stat. Ann.
tit. 14, § 1602(1)(A).  Plaintiffs have submitted an affidavit
establishing the average 52-week Treasury bill rate as 5.42%
(plus 1% equals a total of 6.42%) and have computed the interest
award accordingly.  Defendants have done nothing to rebut the
presumption that a full award of prejudgment interest should
issue.  Therefore, plaintiffs' motion is granted.


## **CONCLUSION**

For the reasons stated above, plaintiffs' motion (doc. no.
103) is granted and the judgment is hereby amended accordingly.
SO ORDERED.

_____
Paul Barbadoro
Chief Judge

February 9, 1998

cc:  Mary E. Fougere, Esq.
     Peter N. Tamposi, Esq.
     Douglas L. Ingersoll, Esq.

-3-