STATE OF MAINE

PENOBSCOT, ss.

LISA MICHAUD,
        Plaintiff

v.

HANOVER INSURANCE CO.,
        Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-06-140
KMC-PEN-1/28/2008

FILED & ENTERED
SUPERIOR COURT
JAN 28 2008
PENOBSCOT COUNTY

DECISION ON MOTION FOR
CLARIFICATION OF THE JUDGMENT


        Counsel for Plaintiff has filed a Motion for Clarification on the Judgment.  The issue to be resolved is from what date prejudgment interest runs.

### Background

        In June of 2006, a complaint was filed against Hanover seeking recovery under Hanover's underinsured coverage running in favor of the Plaintiff.  There was a separate claim involving a separate accident, which is not relevant to the issue presented here.  On September 20, 2007, a jury verdict was returned against Defendant Hanover.  A judgment was entered in favor of Plaintiff and against Defendant Hanover, in the amount of $107,853, plus prejudgment interest and costs.

        The parties stipulate that tortfeasor Camacho received a notice of claim on September 18, 2002. They also stipulate that Hanover was not served with a notice of claim before Plaintiff filed this lawsuit naming Hanover as a defendant on June 28, 2006.  Further, the parties agree that Hanover has paid the principal of the judgment, the post-judgment interest, and the prejudgment interest from June 28, 2006 to September 25, 2007.  Plaintiff claims that she is entitled to prejudgment interest from September 18, 2002 to June 27, 2006. Defendant Hanover contests the start date of September 18, 2002 and asks the court to resolve this dispute.

1

Hanover argues that because it was not notified of the claim for any prejudgment interest under 14 M.R.S.A. § 1602-B Camacho's notice in 2002 does not bind Hanover. Plaintiff takes the position that because Hanover, through its underinsured coverage, stands in the shoes of Camacho, the notice of claim served on Camacho binds Hanover to prejudgment interest back to 2002.

## Discussion

There is no question but that prejudgment interest is calculated to run from the time the notice of claim is served "upon the defendant." 14 M.R.S.A. § 1602-B(5) (2007). The question here is who is the "defendant," Camacho or Hanover? In the context of the prejudgment interest obligation, do their interest merge in terms of when the prejudgment interest obligation begins?

The case is not that simple and requires a deeper analysis.

Although Hanover is not the tortfeasor, it is the named defendant; Hanover's obligation arises from contract with the Plaintiff, not breach of a tort duty. Additionally, during the course of this litigation over which this Justice presided, Hanover did not agree that it 'stood in the shoes' of Camacho. Finally, both parties agree that prejudgment interest is part of compensatory damages, which the underinsured carrier has agreed by contract to pay. Indeed, it paid prejudgment interest back to when the suit was filed.

This recitation only serves to further focus the question which is to determine whether Hanover's status as underinsured carrier creates an obligation on Hanover to pay prejudgment interest from the date the tortfeasor would be obligated to pay it (i.e. from when the notice of claim was filed) as opposed to when the suit was filed?

To resolve this matter, the Court looks to the purpose of underinsured coverage, 24-A M.R.S.A. § 2902(1). The Law Court has advised in interpreting the scope of underinsured coverage that "the Legislature intended to permit the injured party to recover the amount he would have received had the tortfeasor been insured to the same extent as the injured party." *Connolly v. Royal Globe Ins. Co.*, 455 A.2d 932, 936 (Me. 1983).

The Court must then balance the public policy considerations, as found in the *Connolly* case, which support the underinsured statute, against the purposes of the prejudgment interest statute. The former is found in *Simpson v. Hanover Ins. Co.*, 588 A.2d 1183, 1185 (Me. 1991), where the Law Court tells us that prejudgment interest is intended to "encourage[s] the defendant to conclude a pretrial settlement of clearly meritorious suits." Clearly this policy consideration has no application to pre-suit underinsured claims where neither the plaintiff nor the defendant know for some time whether the plaintiff's claim will exceed the amount of available coverage to even precipitate the involvement of the underinsured carrier. The prejudgment interest policy considerations simply do not present themselves until some unspecified time when it does become clear that plaintiff's claim is an underinsured claim.

Although articulated well by counsel for Hanover, it is this Court's holding that the policy considerations supporting the application of prejudgment interest do not apply in isolation when evaluating when and how to apply prejudgment interest as articulated by 14 M.R.S.A. § 1602-B.

It is the holding of the Court that the policy considerations found in the underinsured coverage afforded to the Plaintiff and as articulated in *Connolly* control here. By its policy, Hanover has agreed to provide its insured with a recovery in an "amount [s]he would have received had the tortfeasor been insured to the same extent as the injured party." The Court finds and concludes that such a recovery includes payment of prejudgment interest back to the date the tortfeasor received his notice of claim under 14 M.R.S.A. § 1602-B.

The entry will be: It is ordered that Hanover pay Plaintiff Michaud prejudgment interest covering the period from September 18, 2002 up to and including June 27, 2006, at the previously ordered prejudgment interest of 7.36%

This Order is to be incorporated into the docket on this case pursuant to Rule 79(a) M.R.Civ.P.

Dated: January 25, 2008

Kevin M. Cuddy
Justice, Superior Court

3

LISA MICHAUD VS HANOVER INSURANCE CO ET AL
UTN:AOCSsr  -2006-0072392                    CASE #:BANSC-CV-2006-00140
----------------------------------------------------------------------------
LISA MICHAUD                                            PL
ATTY PELLETIER, DAWN


HANOVER INSURANCE CO                                    DEF
ATTY FOURNIER, GERARD O.


KRISTINA  M. KETCH                                      DEF
ATTY VERY, DAVID



M=More, Space = Exit:M

Select the EXIT KEY for page selection line.