**Harriet A. McGILLIVRAY, et al.**

v.

**ROYAL INSURANCE COMPANY, et al.**

Supreme Judicial Court of Maine.

Argued March 7, 1996.

Decided April 30, 1996.

Joseph H. Groff, Peter B. Lafond, Susan Steiner (orally), Jensen, Baird, Gardner & Henry, Portland, Tina Schneider, Portland, Richard Berne, Portland, for Appellants.

John S. Whitman, Anne H. Cressey (orally), Richardson, Whitman, Large & Badger, Portland, for Appellees.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Harriet A. McGillivray and Gail Daigle, individually, and as next friend of her minor children, Levi, Caleb and Tyler, appeal from the summary judgment entered in the Superior Court (Cumberland County, *Saufley, J.*) in favor of Royal Insurance Company

and Commercial Union Insurance Company on the plaintiffs' complaint against Royal and Commercial Union. The plaintiffs contend the trial court erroneously concluded that the plaintiffs could not aggregate the underinsured motorists coverage limits provided by their respective policies to determine whether the tortfeasor's vehicle was underinsured within the purview of 24–A M.R.S.A. § 2902(1) (1990). We affirm the judgment.

The parties have stipulated to the following facts: In October 1992, the vehicle operated by Daigle, in which her three minor children were riding as passengers, was struck by a vehicle operated by Rena Crandell and forced into a collision with an oncoming vehicle operated by McGillivray, injuring all the plaintiffs. Crandell's insurance policy with GEICO Insurance Company provided a combined single limit of $300,000 in liability coverage. McGillivray's vehicle was insured by Royal, and Daigle's vehicle was insured by Commercial Union. The McGillivray and Daigle policies each provided underinsured motorists coverage with a limit of $300,000. Each policy stated that the insurer had no underinsured motorists liability for bodily injuries sustained by any person while occupying a motor vehicle not insured by that policy.[1] McGillivray and the Daigles are not related by blood, marriage or adoption, nor are they residents of the same household. At the time of the accident, McGillivray was not occupying a vehicle insured by Daigle's policy, and the Daigles were not occupying a vehicle insured by McGillivray's policy. As the insurer of the Crandell vehicle, GEICO paid $300,000 in settlement with all the plaintiffs.

By their complaint the plaintiffs allege that their damages exceed the $300,000 limit of Crandell's policy and seek a judgment against Royal and Commercial Union in an amount equal to the difference between the plaintiffs' combined underinsured motorists coverage of $600,000 and the $300,000 received from GEICO. After a hearing on the parties' motions for a summary judgment, the court determined that the Crandell vehi-

cle was not underinsured and granted the defendants' motion. From the judgment entered accordingly, the plaintiffs appeal.

When, as here, there is no genuine issue as to any material fact, we review the grant of a motion for a summary judgment by examining the record to determine whether the trial court committed an error of law. *Enerquin Air, Inc. v. State Tax Assessor,* 670 A.2d 926, 927–28 (Me.1996).

The plaintiffs contend that the trial court erred in its interpretation of 24–A M.R.S.A. § 2902(1). In support of their contention, they point to the language in 1 M.R.S.A. § 71 (1989 & Supp.1995) that provides, unless it is inconsistent with the plain meaning of a statute, "[w]ords of the singular number may include the plural; and words of the plural number may include the singular" is a rule that shall be observed in the construction of a statute. They argue that the application of this rule to the definition of "underinsured motor vehicle" provided in section 2902(1) permits the dollar limits of the tortfeasor's liability insurance to be compared with the aggregate of the dollar limits of underinsured motorists liability provided in the *injured parties'* respective policies of insurance. We disagree.

Section 2902(1) provides in pertinent part:

No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured, underinsured or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death, resulting from the ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicle. The coverage herein required may be referred to as "uninsured vehicle coverage." *For the purposes of this section, "underinsured*

---

1. Copies of the two insurance policies were incorporated by reference and annexed as exhibits to the parties' stipulation of facts.

*motor vehicle" means a motor vehicle for which coverage is provided, but in amounts less ... than the limits of the injured party's uninsured vehicle coverage.*

(Emphasis added).

■ "The fundamental rule in statutory construction is that words must be given their plain meaning," *Paradis v. Webber Hospital,* 409 A.2d 672, 675 (Me.1979), and that "[a]ny statute must be construed as a whole in order to effectuate the legislative intent." *Fernald v. Maine State Parole Bd.,* 447 A.2d 1236, 1238 (Me.1982). When the plain language of section 2902(1) is considered in its entirety, pluralizing the term "injured party's" does not achieve the result sought by the plaintiffs. We have previously stated that section 2902(1) "focuses on the 'motor vehicle for which coverage is provided,' that is, on the limits of the liability of [the] insurer for any accident involving that vehicle." *Mullen v. Liberty Mut. Ins.,* 589 A.2d 1275, 1277 (Me.1991). To determine whether a tortfeasor's vehicle is an underinsured motor vehicle within the purview of section 2902(1), the dollar limit of the liability insurance on the tortfeasor's vehicle is compared to the dollar limit provided by the underinsured motorists liability insurance on the *vehicle* in which the claimant or claimants were riding at the time of the accident. If that comparison reveals that the dollar limit of the former is less than the dollar limit of the latter, the occupant or occupants of the vehicle for which there is underinsured motorists coverage may seek recovery against the insurer of that *vehicle* for their damages in excess of the dollar limit of liability insurance on the tortfeasor's vehicle.

Applying these principles to the facts of the present case, it is clear that the trial court properly determined that the Crandell vehicle was not an underinsured vehicle as defined by section 2902(1).

We find no merit in the plaintiffs' further argument that the trial court's interpretation of section 2902(1) leads to an unfair result because the damages claimed by the plaintiffs exceed the amount of $300,000 secured by their settlement with the insurer of the Crandell vehicle. We have previously noted that if the policy reflected by the plain ordinary meaning of the present language of section 2902(1) may cause a hardship to injured parties, it is for the Legislature, and not for us, to make changes to the statute. *Mullen,* 589 A.2d at 1277.

The entry is:

Judgment affirmed.

All concurring.