1998 ME 58

**Kenneth BOTTING et al.**

v.

**ALLSTATE INSURANCE CO.**

Supreme Judicial Court of Maine.

Argued Nov. 13, 1997.
Decided March 25, 1998.

---

Robert H. Furbish (orally), Terence D. Garmey, Smith Elliott Smith & Garmey, P.A., Portland, for plaintiffs.

James D. Poliquin (orally), Norman, Hanson & DeTroy, Portland, for defendant.

Before ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1]  Allstate Insurance Co. appeals from the judgment entered in the Superior Court (Cumberland County, *Saufley, J.*) awarding the plaintiffs (the Bottings) $205,000 on Allstate's underinsured motorist coverage.  In this case of first impression, Allstate contends that the court erred when it determined that the tortfeasor was underinsured. The Bottings cross-appeal, arguing that the court erred by denying them prejudgment interest.  We affirm the judgment in part and vacate in part.

[¶ 2]  In August 1994 the Bottings' car was struck by a car owned and insured by Ronald and Barbara Hill. The Hills' minor son (the tortfeasor) was driving their car. All three occupants of the Bottings' car— Kenneth; his wife, Valinda; and their daughter, Katlin—were injured.  At the time of the accident, the Bottings were insured by an Allstate automobile insurance policy that provided "split limit" uninsured bodily insurance coverage in the amount of $100,000 per person and $300,000 per accident.  The per accident limit is the "total limit for all damages arising out of bodily injury to two or more persons in any one motor vehicle accident." The coverage is also subject to a limit of $100,000 per person.  The tortfeasor was insured for liability by Peerless Insurance Company with a single $100,000 limit for bodily injury and property damage.

[¶ 3]  The Bottings settled with Peerless for the full amount of the $100,000 coverage: $35,000 to Kenneth Botting, $20,000 to Valinda Botting, $40,000 to Katlin Botting, and $5,000 for damage to the car presumably paid to Kenneth Botting.  The Bottings then sought recovery in the Superior Court of underinsured motorist benefits pursuant to the automobile policy with Allstate.  Allstate filed a motion for a summary judgment, arguing that the tortfeasor was not underinsured.  Finding that the tortfeasor was underinsured, the court denied Allstate's motion and ordered it to pay $65,000 to Kenneth Botting, $80,000 to Valinda Botting, and $60,000 to Katlin Botting.  The court denied prejudgment interest.  This appeal and cross-appeal followed.

**[¶ 4]** Maine's underinsured motorist statute requires coverage in every motor vehicle liability policy to protect persons insured pursuant to the policy from personal injury caused by an uninsured, underinsured, or hit-and-run motor vehicle operator. 24–A M.R.S.A. § 2902(1) (1990). The statute defines underinsured motor vehicle as follows:

For the purposes of this section, "underinsured motor vehicle" means a vehicle for which coverage is provided, but in amounts less than the minimum limits for bodily injury liability insurance provided for under the motorist's financial responsibility laws of this State or less than the limits of the injured party's uninsured vehicle coverage.

*Id.* Because the Bottings purchased a split limit policy, and all three of them were injured, they contend that the Allstate per accident limit of $300,000 should be compared to the tortfeasor's single limit of $100,000. Based on that comparison, they argue, the tortfeasor was underinsured. Allstate in turn contends that the correct analysis is to compare the Bottings' single person limit of $100,000 with the tortfeasor's limit of $100,000. By that comparison, Allstate argues, the tortfeasor was not underinsured regardless of the number of persons injured, citing *Mullen v. Liberty Mut. Ins. Co.*, 589 A.2d 1275 (Me.1991), and *McGillivray v. Royal Ins. Co.*, 675 A.2d 524 (Me.1996).

**[¶ 5]** Contrary to Allstate's contention, this case is not controlled by our decisions in *Mullen* or *McGillivray*. In *Mullen* we were asked to determine a tortfeasor's status as "underinsured" by comparing the underinsured motorist coverage available to her with her actual recovery from the tortfeasor rather than the liability coverage provided under the tortfeasor's policy. We declined to do so, concluding that the statute required comparison of coverage with coverage to determine the underinsured status of the tortfeasor. Similarly, in *McGillivray* we were asked to stack the underinsured motorist coverage on two separate vehicles in which persons were injured and compare that total with the liability coverage on a third vehicle whose operator negligently caused the injuries. We concluded that the coverage of the individual

vehicles must be compared with that of the tortfeasor to determine whether his vehicle was underinsured.

**[¶ 6]** As the Bottings correctly argue, the issue before us is one of first impression in Maine. The resolution of that issue can be found in the legislative history of section 2902(1). In 1967 the Legislature originally enacted a statute requiring uninsured motorist coverage. P.L.1967, ch. 93, § 1 (effective Jan. 1, 1968). The statute did not require coverage in the case of a tortfeasor with some, but not enough insurance coverage. As we stated in *Connolly v. Royal Globe Ins. Co.*, 455 A.2d 932, 935 (Me.1983):

To prevent an injured party who had purchased uninsured motorist coverage from losing that protection in the event that the tortfeasor had some insurance but not enough to compensate adequately the injured person, the Legislature amended the statute to include underinsured motorist coverage. *See* P.L.1975, ch. 437, § 1. The statute now permits recovery if the tortfeasor has coverage in amounts less than the minimum limits required by law or less than the limits of the injured party's uninsured vehicle coverage.... Under this amendment, the Legislature intended to permit the insured injured person the same recovery which would have been available to him had the tortfeasor been insured to the same extent as the injured party.

The split-limit coverage purchased by the Bottings provides for two levels of coverage; which applies is dictated by the number of parties injured. Here all three Bottings were injured and, had the injuries been caused by an uninsured motorist, they would have been entitled to recover from Allstate up to $100,000 per person. Thus, for the purpose of resolving the issue in this case, the Allstate "per accident" limit should be compared to the tortfeasor's policy. To do otherwise would deprive the Bottings of underinsured motorist coverage and would be contrary to the purpose of the legislative amendment. *Id.*

**[¶ 7]** Although the court correctly decided the major issue, we must vacate the judgment for two reasons. First, the court

erroneously determined that the $5,000 paid for property damage to the Botting vehicle reduced the $100,000 limit of liability coverage for personal injury. We conclude this violates the principles in *Mullen* that actual recovery is not significant. Hill had $100,000 coverage available for personal injury. Allstate's exposure therefore is controlled by a $200,000 limit per accident. The Bottings cannot increase that limit by allocating $5,000 of the settlement to property damage. Accordingly, the award to Kenneth Botting should be reduced by $5,000. Second, on the Botting's cross-appeal, Allstate concedes that its objection to prejudgment interest was incorrect. On remand, the court should award prejudgment interest to the Bottings.

The entry is:

Judgment vacated. Remanded with instruction to reduce the judgment in favor of Kenneth Botting to $60,000, and to award prejudgment interest to each plaintiff.