1998 ME 278

**Frank DAY et al.**

v.

**ALLSTATE INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 17, 1998.
Decided Dec. 24, 1998.

Laurie Ann Miller, Downeast Law Associates, P.A., Orrington, for plaintiffs.

David P. Very, Norman, Hanson & DeTroy, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1]  Frank and Mary Day appeal from a summary judgment entered in the Superior

Court (Piscataquis County, *Mead, J.*) contending that the court erred when it held that William McLaughlin was not an underinsured operator pursuant to 24–A M.R.S.A. § 2902 (1990 & Supp.1998).[1] We disagree and affirm the judgment.

[¶ 2] The Days suffered serious injuries when their car was struck by a truck driven by McLaughlin. McLaughlin died in the accident, and his wife, a passenger in his truck, was injured. York Mutual Insurance Group (York) insured McLaughlin pursuant to a combined single limit policy of $100,000. Allstate insured the Days pursuant to a policy with uninsured vehicle coverage with limits of $50,000 per person and $100,000 per accident. Pursuant to a settlement agreement, York agreed to pay each of the Days $42,260, plus $10,000 for damage to their car. York also paid McLaughlin's wife $5,400 for her injuries.

[¶ 3] The Days brought a complaint against Allstate for underinsured motorist benefits, and both parties moved for a summary judgment. The court granted a summary judgment in favor of Allstate, concluding that McLaughlin was not underinsured because the Days' per accident coverage of $100,000 was equal to McLaughlin's combined single limit of $100,000. The Days appealed.

[¶ 4] The trial court shall enter a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by [M.R. Civ. P.] 7(d) show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to a judgment as a matter of law." M .R. Civ. P. 56(c). "On appeal from a grant of summary judgment, we view the evidence in the light most favorable to the nonprevailing party, and review the trial court decision for errors of law." *Greenvall v. Maine Mutual Fire Ins. Co.*, 1998 ME 204, ¶ 5, 715 A.2d 949, 951.

[¶ 5] Maine law requires every motor vehicle policy to provide coverage for persons insured pursuant to the policy for personal injuries caused by an uninsured, underinsured, or hit-and-run motor vehicle operator. 24–A M.R.S.A. § 2902(1) (1990 & Supp.1998); *Botting v. Allstate Ins. Co.*, 1998 ME 58, ¶ 4, 707 A.2d 1319, 1321. The statute defines an "underinsured motor vehicle" as "a motor vehicle for which coverage is provided, but in amounts less than the minimum limits for bodily injury liability insurance provided for pursuant to the motorist's financial responsibility laws of this State [2] or less

---

1. Title 24–A M.R.S.A. § 2902 provides in pertinent part:

   **Uninsured vehicle coverage; insolvency of insurer**
   **1.** No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured, underinsured or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death, resulting from the ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicle. The coverage herein required may be referred to as "uninsured vehicle coverage." For the purposes of this section, "underinsured motor vehicle" means a motor vehicle for which coverage is provided, but in amounts less than the minimum limits for bodily injury liability insurance provided for under the motorist's financial responsibility laws of this

State or less than the limits of the injured party's uninsured vehicle coverage.
   **2.** The amount of coverage to be so provided may not be less than the minimum limits for bodily injury liability insurance provided for under Title 29–A, section 1605, subsection 1.
   . . . .
   24–A M.R.S.A. § 2902 (1990 & Supp.1998).

2. Title 29–A M.R.S.A. § 1605 provided in pertinent part:

   **Proof of financial responsibility**
   **1. Requirements.** To be accepted as proof of financial responsibility, a policy must:
   . . . .
   **C.** Be in the amount or limit of at least:
   **(1)** $10,000 for damage to property;
   **(2)** $20,000 for injury to or death of any one person; and
   **(3)** $40,000 for one accident resulting in injury to or death of more than one person.
   . . . .
   29–A M.R.S.A. § 1605(1)(C) (1996), *amended by* P.L.1997, ch. 176, § 5.
   The Legislature later amended this section to provide that a policy must:

than the limits of the injured party's uninsured vehicle coverage." 24–A M.R.S.A. § 2902(1) (1990 & Supp.1998). The statute permits "the insured injured person the same recovery which would have been available to him had the tortfeasor been insured to the same extent as the injured party." *Botting*, 1998 ME 58, ¶ 6, 707 A.2d at 1321. Where, as here, an insured has a split limit policy that provides for a per person limit and a per accident limit, the court compares the face amount of the per accident limit of the insured's policy with the face amount of the tortfeasor's policy to determine if the tortfeasor is underinsured. *See id.; McGillivray v. Royal Ins. Co.*, 675 A.2d 524, 526 (Me.1996); *Mullen v. Liberty Mutual Ins. Co.*, 589 A.2d 1275, 1277 (Me.1991).

[¶ 6] The Days argue that the court must subtract the property damage coverage required pursuant to 29–A M.R.S.A. § 1605 when determining if a party is underinsured. *See* 29–A M.R.S.A. § 1605(1)(C) (1996), *amended by* P.L.1997, ch. 176, § 5. Because section 1605 provided that a motor vehicle insurance policy must provide at least $10,000 for damage to property, the Days argue that this reduces McLaughlin's combined single limit policy to $90,000, thereby making McLaughlin "underinsured" and triggering Allstate's duty to pay underinsured motorist benefits. We disagree.

**C.** Be in the amount or limit of at least:
**(1)** For damage to property, $25,000;
**(2)** For injury to or death of any one person, $50,000;
**(3)** For one accident resulting in injury to or death of more than·one person, $100,000; and

[¶ 7] To determine if a tortfeasor is underinsured, the court compares the relevant face amounts recited on the insurance policies without considering such factors as the amount of the insured's recovery from the tortfeasor, the insured's actual damages, the number of other claimants, or their recoveries. *See Botting*, 1998 ME 58, ¶ 7, 707 A.2d at 1321–22; *Mullen*, 589 A.2d at 1277. In addition, there is nothing in the language of section 2902 to support the Days' claim that the determination regarding underinsurance must be made with reference to property damage coverage required by section 1605. *See* 24–A M.R.S.A. § 2902(2) (1990 & Supp.1998); 29–A M.R.S.A. § 1605(1)(C) (1996), *amended by* P.L.1997, ch. 176, § 5. Accordingly, the required property damage coverage pursuant to section 1605 should not be considered when determining if a tortfeasor is underinsured. The court, therefore, did not commit error when it held that McLaughlin was not an underinsured motorist.

The entry is:

Judgment affirmed.

**(4)** For medical payments pursuant to section 1605–A, $1,000.

. . . .

29–A M.R.S.A. § 1605(1)(C) (Supp.1998).