STATE OF MAINE
CUMBERLAND, ss.

CLERK'S OFFICE

2008 FEB -7 A 9: 58

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-07-181
TED-CUM-2/7/2008

URSULA RICHTER,

Plaintiff,

v.

VERMONT MUTUAL INSURANCE
COMPANY,

Defendant.

DECISION AND ORDER
ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

DONALD L. GARBRECHT
LAW LIBRARY

FEB 19 2008

This case is before the court on defendant's motion for summary judgment.

The plaintiff was a passenger in a motor vehicle operated by Kirk Walker. She was injured when Walker incurred a medical event that caused him to lose control of his vehicle and crash into a telephone pole. She does not claim that his manner of operation was negligent, but he totaled another vehicle when he had "a momentary black out" about a month before the events at issue here.[1]

Richter made a claim against Walker and was paid $5,000 in medical payments and later accepted $75,000 in full settlement of all claims against Walker. Walker had motor vehicle liability insurance with a maximum coverage of $100,000.

The plaintiff now claims against her own insurer, Vermont Mutual Insurance Company (Vermont), under the "underinsured motorist coverage" provisions of her policy. The insurance contract provides:

1.    Part C – Underinsured Motorists Coverage
Part C is amended as follows:

A.    The following is added to the first paragraph of the Insuring Agreement:

---

[1] These facts are agreed to in the parties' Statements of Material Facts.

> With respect to coverage under Section 2. of the definition of "underinsured motor vehicle", we will pay under the coverage only if 1. or 2. below applies:
>
> 1. The limits of liability under any bodily injury liability bonds or policies applicable to the "undersigned motor vehicle" *have been exhausted* by payment of judgments or settlements; or (emphasis added)

Plaintiff's Vermont policy provides coverage up to $300,000.

The defendant asserts that because the plaintiff accepted less than the full amount of Walker's policy that the coverage has not been exhausted and the plaintiff is not entitled to claim on her own policy. In addition, Vermont claims that the plaintiff concedes there is no evidence of negligent operation by Walker and the plaintiff is not entitled to judgment regardless of the coverage issues.

In turn, the plaintiff argues that the exhaustion clause is against public policy and that the proper procedure is to permit the insurance company "to offset the entire amount of the underlying tortfeasor's policy, regardless of how much was actually paid . . . ." *Day v. Allstate Ins. Co.*, 1998 ME 278 ¶ 5, 721 A.2d 983, 985. This procedure protects the insurer but still carries out the intent of underinsured motorist coverage, by permitting recovery to "the insured injured person the same recovery which would have been available to him had the tortfeasor been insured to the same extent as the injured party." *Id.*

This precise question has not been addressed by the Law Court. This court then looks to the intent of the underinsured statute, 24-A M.R.S.A. § 2902(1). "Underinsured motor vehicle" coverage is required

> for the protection of persons under the policy who are legally entitled to recover damages from owners or

2

> operators of uninsured, *underinsured* or hit-and-run motor vehicles for bodily injury . . . sustained by an insured person resulting from the ownership, maintenance or use of such uninsured, *underinsured* or hit-and-run motor vehicle.

*Id.* (emphasis added)

Section 2902 refers to "underinsured motor vehicle" as insurance coverage available to the insured tortfeasor but "in amounts . . . less than the limits of the injured party's uninsured vehicle coverage." *Id.*

The Law Court approved a standard to determine whether a tortfeasor is underinsured; that is,

> the court compares the relevant face amounts recited on the insurance policies without considering the amount of the insured's recovery from the tortfeasor, the insured's actual damages, the number of other claimants, or their recoveries. (citations omitted)

*Day v. Allstate* at ¶ 7, 985.

In *Levine v. State Farm Mut. Auto Ins. Co.*, 2004 ME 33, 843 A.2d 24, the Law Court stated that "underinsured vehicle coverage is in the nature of gap coverage, not a substitute for primary coverage." *Levine* at ¶ 11, 28. Thus, it protects an injured party for recovery of damages between the upper limits of the tortfeasor's policy to the actual amount of recoverable damages under the injured party's policy.

Statutory language[2],and applicable Maine case law speak of available coverage amounts, not to amounts recovered or lesser amounts that may have actually been paid out. This is consistent with the Law Court's decision in *Levine*.

> [U]nderinsured vehicle coverage "fills the gap left by an underinsured tortfeasor" and is designed to "permit the insured injured person the same recovery which would have been available to him had the tortfeasor been *insured* to the same extent as the injured party." (citations omitted, emphasis in original)

---

[2]  24-A M.R.S.A. § 2902(1)

3

If this court declares that plaintiff's settlement of less than full coverage under Walker's policy makes the underinsured motorist coverage under her own policy unavailable, it defeats the stated intent of the statute. On the other hand, to allow full coverage for all damages, without a credit for the total coverage amount potentially available from the tortfeasor, regardless of payments actually made, is inequitable. It is therefore appropriate that Vermont be entitled to offset the full amount of Walker's liability limits, regardless of any lesser settlement amount or medical payments.

On the issue of negligence, even if there is no evidence of negligent operation, it is a proper function of the fact finder to determine whether Walker was negligent in the mere operation of the vehicle considering the relevance of any medical history known to him at the time.

The clerk will make the following entry as the Decision and Order of the court:

Defendant's motion for summary judgment is denied.[3]

SO ORDERED.

DATED:     February 6, 2008

_____
Thomas E. Delahanty II
Justice, Superior Court

---

[3] Because the court has denied the motion on other grounds, it is not necessary to discuss plaintiff's arguments concerning public policy.

F COURTS
ınd County
3ox 287
ne 04112-0287

LANCE WALKER ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600

F COURTS
ınd County
3ox 287
ne 04112-0287

PAUL BOOTS ESQ
PO BOX 7469
PORTLAND ME 04112-7469

STATE OF MAINE　　　　　　　　　　　　　　　　　SUPERIOR COURT
CUMBERLAND, ss.　　　　　　　　　　　　　　　　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　　　　　　　　　Docket No. CV-07-181



URSULA RICHTER,

　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　**DECISION AND JUDGMENT**

VERMONT MUTUAL INSURANCE,

　　　　　Defendant.

On June 7, 2004 plaintiff was a passenger in a vehicle operated by her long time companion Kirke Walker. She alleges that she was severely injured when Walker "blacked-out" and the car swerved and hit a utility pole.

After the accident, Richter made a claim against Walker which was settled for $75,000 on his automobile liability policy with State Farm Insurance Company.[1] Richter then made the present claim against her own insurer pursuant to the under-insured provision (UIM) of her policy.[2]

Prior to the accident, the couple ate lunch in Wells and were driving back to South Berwick through York Harbor. They were "riding along" in Walker's vehicle in and area to which they were both familiar. When they were at a curve in the road Walker lost control of the car, it jumped the curve and headed towards a utility pole. Richter yelled "KIRKE" and he responded, "Oh hell!" When he woke up, he saw the pole for the first time, but it was too late to avoid the crash.

---

[1] Walker's policy had a $100,000 limit.

[2] Richter agrees to a set-off of $25,000 to cover the difference between the settlement amount and the policy limit of Walker's policy.

This was the second time in a month that Walker had crashed into a utility pole under similar circumstances.

In March 2004 Walker had a heart attack and was treated for the condition. A stent was placed in him and he was placed on medication. At no time, even after the first accident was he advised by a doctor, or anybody else, that he should not drive a vehicle.

After his blackout in the present case he voluntarily took himself off the road "because he didn't trust himself."

There is no evidence here of erratic, imprudent or incautious operation. There is no evidence of excessive speed and Walker did not consumer any alcoholic beverage at lunch.

The suit here is based on a breach of contract; that is, that Vermont Mutual, as plaintiff's own insurer had a duty to provide coverage for plaintiff for damages over and above the amount in Walker's policy.

There is no doubt that the crash caused plaintiff to suffer a significant injury and that she was incapacitated for a good period of time.

Vermont Mutual, as plaintiff's insurer, stands in place of Walker for the personal injury claims and even though the complaint alleges breach of contract, the plaintiff must prove negligence on the part of Kirke Walker.

Maine law provides that an insured injured party (Richter) is entitled to the same recovery from her own insurer that she would have received if Walker, as the tortfeasor, had been insured to the same limit. *Day v. Allstate Insurance Co.*, 1998 ME 278 ¶ 5, 721 A.2d 983, 985; and 29-A M.R.S.A. § 2902(1). For this reason the court must find for the defendant because of the lack of proof of negligence in Walker's operation of his vehicle..

2

The clerk will make the following entry as the Decision and Judgment of the court:

> Judgment for defendant Vermont Mutual Insurance Company. No costs awarded.

SO ORDERED.

DATED:     July 1, 2008

Thomas E. Delahanty II
Justice, Superior Court

3

F COURTS
and County
3ox 287
ne 04112-0287

PAUL BOOTS ESQ
PO BOX 7469
PORTLAND ME 04112



)F COURTS
and County
3ox 287
ine 04112-0287

LANCE WALKER ESQ
PO BOX 4600
PORTLAND ME 04112