219 N.J. Super. 440 (1987)
530 A.2d 800
FRANK DIBENEDETTO, PLAINTIFF-RESPONDENT,
v.
ESTATE OF ANTOINETTE DIBENEDETTO, ET AL, DEFENDANTS, AND COMMERCIAL UNION INSURANCE COMPANY, INTERVENOR-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 7, 1987.
Decided May 21, 1987.
*441 Before Judges BRODY and D'ANNUNZIO.
R. Alan Aslaksen, for appellant Commercial Union Insurance Company.
Carl L. Taraschi, for respondent Frank DiBenedetto.
The opinion of the court was delivered by BRODY, J.A.D.
*442 This is an appeal by a liability insurance carrier from an order requiring it to pay post-judgment interest on the entire amount of a liability judgment against its insured even though the carrier had deposited the liability limit of its policy into court pending appeal, 218 N.J. Super. 143. The judgment creditor (plaintiff) obtained the judgment in a personal injury negligence action. Commercial Union Insurance Company (Commercial) is the primary liability insurer of Versatile Concrete Company (the insured), one of two judgment debtors. Plaintiff was a passenger in an automobile that collided with a crane that had fallen off the insured's truck and onto the highway. Plaintiff's wife, the operator of the automobile, was killed in the accident. The jury returned a verdict in the amount of $400,000. Commercial provided the insured $100,000 coverage. We affirmed the liability judgment and the Supreme Court denied certification.
The liability judgment was entered in the amount of $514,542.46, which included $114,542.46 prejudgment interest. The insured appealed on the ground that the verdict was excessive. Commercial, in the insured's name, moved in the trial court for leave to deposit into court the liability limit of its policy and for a stay of the judgment pending appeal. The trial judge denied the motion for a stay but ordered that Commercial, which was not then a party, "deposit the sum of $100,000 plus interest into Court pending resolution for [sic] this appeal." A week later Commercial deposited in court $103,813.70, the amount of its $100,000 coverage plus $3,813.70 post-judgment interest on that sum.
We stayed the judgment pending appeal, granted Commercial leave to intervene "solely for the purpose of post-judgment proceedings," and ordered that Commercial supplement the deposit by posting a supersedeas bond in the amount of $450,000. Because of Commercial's objection, we denied plaintiff's *443 motion to execute against the deposit in court. The Supreme Court affirmed that order.
After the appeal process had run its course, the trial judge resolved a dispute over the amount Commercial owed plaintiff by ordering that it pay plaintiff the amount of its coverage plus 12% post-judgment interest[1] on that sum until the clerk of the court pays plaintiff the cash on deposit. The trial court also ordered Commercial to pay 12% interest on the entire judgment to the date Commercial pays plaintiff what it owes under its policy. Finally the order allowed Commercial credit for the cash it had placed on deposit in court and the interest it earned there. Commercial appeals that order, contending that the court erred by requiring it to pay additional post-judgment interest.
Commercial's obligation to pay plaintiff post-judgment interest is defined by the terms of its policy. The policy provides in relevant part:
The company will pay, in addition to the applicable limit of liability: (a) ... all costs taxed against the insured in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in Court that part of the judgment which does not exceed the limit of the company's liability thereon....
The language of the policy unambiguously requires Commercial to pay more than the $100,000 "limit of liability." It must also pay post-judgment interest "on the entire amount of any judgment," here 12% interest a year on $514,542.46, and taxed costs. Kraynick v. Nationwide Insurance Co., 80 N.J. Super. 296 (Law Div. 1963). See generally 8A Appleman, Insurance Law and Practice § 4894.25 (1981); Annot., Liability Insurer's Liability for Interest and Costs on Excess of Judgment Over Policy Limit, 76 A.L.R.2d 983 (1961).
*444 The more difficult question is whether Commercial is responsible for post-judgment interest that accrued after making its deposit in court. We hold that it is, because a cash deposit in court made as a condition to obtaining a stay of judgment pending appeal is not the kind of deposit that stops the running of post-judgment interest under the Rules of Court or under the terms of Commercial's policy.
A money judgment generally bears post-judgment interest. Rule 4:42-11(a) provides:
Post Judgment Interest. Except as otherwise ordered by the court or provided by law, judgments, awards and orders for the payment of money, taxed costs and counsel fees shall bear simple interest....
A judgment for money damages may generally be stayed only upon the posting of a supersedeas bond or a cash deposit. Rule 2:9-5(a) provides in relevant part:
A judgment or order in a civil action adjudicating liability for a sum of money ... which is the subject of an appeal or certification proceedings shall be stayed only upon the posting of a bond pursuant to R. 2:9-6 or a cash deposit pursuant to R. 1:13-3(c) unless the court otherwise orders on good cause shown.
A supersedeas bond must generally be in an amount sufficient to cover post-judgment interest. Rule 2:9-6(a) provides in relevant part:
Unless the court otherwise orders after notice on good cause shown, the [supersedeas] bond shall be conditioned for the satisfaction of the judgment in full, together with interest and trial costs, and to satisfy fully such modification of judgment, additional interest and costs and damages as the appellate court may adjudge.
"Whenever a bond with sureties is required, the court in lieu thereof may by order allow a cash deposit in such sum as it fixes." R. 1:13-3(c). A cash deposit in lieu of a supersedeas bond is generally in no less an amount than the amount of a supersedeas bond and therefore should be sufficient to cover anticipated post-judgment interest.
As for the policy, the provision in question requires Commercial to pay interest on the entire judgment "which accrues after entry of the judgment and before the company has paid or tendered or deposited in Court that part of the judgment which does not exceed the limit of the company's liability thereon...." Commercial contends that under this provision once it *445 has deposited in court the liability limit of the policy, it has no obligation to indemnify its insured for post-judgment interest that accrued thereafter. That interpretation does not coincide with the reasonable expectations of the insured, at least here where one of the reasons the carrier took the appeal was to further its own interests by attempting to reduce or invalidate the portion of the judgment covered by the policy limits.
If we can, we must interpret an insurance policy so that its provisions are within the reasonable expectations of the insured. Harr v. Allstate Insurance Co., 54 N.J. 287, 304 (1969). It is reasonable that in order to stop the running of post-judgment interest the deposit in court referred to in the policy be the kind of deposit that would stop the running of prejudgment interest, i.e., a deposit that discharges in full the carrier's duty to pay the claimant whatever it then owes under the policy. See Kotzian v. Barr, 152 N.J. Super. 561, 565-566 (App.Div. 1977), rev'd on other grounds, 81 N.J. 360 (1979). To accomplish its purpose that kind of deposit must be continuously available to the claimant and placed beyond the reach of the carrier. Id. at 567.
Here the carrier successfully kept plaintiff from executing his judgment on the deposit and the carrier expected to recoup the deposit if its appeal was successful. The deposit it made was in lieu of a supersedeas bond and was not the kind of deposit that the policy permits it to make to stop the running of post-judgment interest. Our interpretation of the policy's ambiguous reference to "deposited in Court" is consistent not only with the sense of the situation but with the other choices that the policy offers Commercial for stopping the running of post-judgment interest: paying the claimant or tendering payment to the claimant. The deposit here was not the functional equivalent of paying the claimant; its purpose was to serve as security in consideration for a stay of the judgment pending appeal.
Affirmed.
NOTES
[1] 12% was the prevailing annual rate of post-judgment interest during the period. R. 4:42-11(a)(i).