1999 ME 94

## Viola TRASK et al.

### v.

## AUTOMOBILE INSURANCE CO.

Supreme Judicial Court of Maine.

Argued June 9, 1999.

Decided June 23, 1999.

N. Laurence Willey Jr. (orally), Ferris, Dearborn & Willey, Brewer, Theodore S. Curtis Jr., Curtis & Griffin, Orono, for plaintiffs.

Carl F. Rella (orally), Shaun B. Lister, Law Office of Carl F. Rella, P.A., Bangor, for defendant.

Richard L. O'Meara, Murray Plumb & Murray, Portland, for amicus curiae Maine Trial Lawyers Ass'n.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, SAUFLEY, and ALEXANDER, JJ.

RUDMAN, J.

[¶ 1] Viola and Paul Trask appeal from the judgment entered in the Superior Court (Penobscot County, *Mead, J.*) in favor of the Trasks in the amount of $760,-000 after a jury trial on their claims for underinsured motorist coverage against Automobile Insurance Co. (AIC) and Green Mountain Insurance Co. (GMIC).[1] The Trasks, joined by the Maine Trial Lawyers Association as *amicus curiae*, contend the trial court erred by denying their post-trial motion for prejudgment interest in excess of the coverage limitations and for costs and expenses. We modify the judgment to award the Trasks costs and expenses, and otherwise affirm.

[¶ 2] In December 1991, a vehicle driven by Kenneth Getchell collided with a vehicle driven by Kazimiera Szczypiorkowski. Ms. Trask, a passenger in Ms. Szczypiorkowski's car, was injured in the accident. Ms. Trask's GMIC automobile insurance contract provided underinsured motorist coverage up to $300,000 for each occurrence. Ms. Szczypiorkowski's AIC underinsured motorist coverage provided for up to $500,000 for each accident and covered Ms. Trask as a passenger.

[¶ 3] Mr. Getchell's insurance carrier paid Ms. Trask his liability policy limit of $25,000. She also recovered an additional $15,000 from AIC and GMIC pursuant to the medical payments coverage provided by the insurers. The Trasks then filed suit against AIC and GMIC for coverage on both insurance contracts.

[¶ 4] After trial, the jury rendered a verdict for the Trasks in the amount of $821,000. Before the entry of judgment,

1. GMIC settled with the Trasks after trial, and   is not a party to this appeal.

the Trasks filed a motion for prejudgment interest and costs and expenses. At a hearing on the motion, the Trasks requested an opportunity to present witnesses and made an offer of proof that the insurers delayed litigation in bad faith. The trial court disagreed, and found the insurers did not act in bad faith. It also concluded that the Trasks could not recover prejudgment interest in excess of the coverage limitations and entered judgment for the Trasks in the amount of $760,000, reflecting the $800,000 of available coverage less the $40,000 Ms. Trask had previously received in both liability and medical payments.[2] The trial court also denied the Trasks their costs and expenses because any such recovery would exceed their coverage, but stated that should the issue become relevant after appeal, it would approve all of their costs with the exception of those for a treating physician.

## I. PREJUDGMENT INTEREST

■ [¶ 5] The Trasks contend that they are entitled to prejudgment interest in excess of their underinsured motorist policy limits pursuant to the language of 14 M.R.S.A. § 1602(1) (Supp.1998).[3] The statute creates a presumption that a prevailing party is entitled to prejudgment interest and places the burden of proof on the nonprevailing party to show "good cause" for a waiver of that interest. *See Sawyer v. Walker*, 572 A.2d 498, 499–500 (Me.1990).

[¶ 6] In the seminal Maine case on the issue of prejudgment interest in excess of insurance coverage, *Nunez v. Nationwide Mutual Insurance Co.*, we cited with approval to *Guin v. Ha*, 591 P.2d 1281 (Alaska 1979), where the Alaska Supreme Court

concluded that prejudgment interest is an element of compensatory damages. *See Nunez*, 472 A.2d at 1384. The Alaska court reasoned that, as a result, prejudgment interest fell within the liability clause of the policy at issue obligating the insurer to pay "all sums which the Assured shall by law be held liable to pay for damages," and was thus subject to the coverage limitation. *Guin*, 591 P.2d at 1286–87. Other courts have come to the same conclusion that prejudgment interest is a form of damages. *See, e.g., Allstate Ins. Co. v. Starke*, 797 P.2d 14, 20 (Colo.1990); *Lessard v. Milwaukee Ins. Co.*, 514 N.W.2d 556, 558 (Minn.1994).

[¶ 7] In *Simpson v. Hanover Insurance Co.*, 588 A.2d 1183, 1187 (Me.1991), we affirmed the denial of prejudgment interest in excess of coverage on facts similar to those in the case at bar. In that case, the insured was injured in an automobile accident, and suffered $71,000 in damages. *See id.* at 1184–85. After recovering the extent of the tortfeasor's liability coverage, $25,000, the insured sued his insurance carrier to recover the limit of his underinsured motorist benefits, $50,000. *See id.* at 1184. The trial court denied the insured prejudgment interest because any additional recovery would have exceeded his coverage and entered judgment for $25,000. *See id.* at 1185. We held that absent bad faith by the insurer in delaying the litigation process, an insured cannot recover prejudgment interest in excess of the underinsured motorist policy limit. *See id.* at 1186.

[¶ 8] The underinsured motorist provision of the AIC policy at issue here states: "The limit of liability for 'each person' for

2. In relevant part, the AIC insurance policy states: "Any amounts otherwise payable for expenses under [the medical payments coverage] shall be reduced by any amounts paid or payable for the same expenses under Part A [liability coverage] or Part C [uninsured motorist coverage]."

3. The statute provides in relevant part:

> In all civil actions, except those actions involving a contract or note which contains a provision relating to interest, prejudgment interest shall be assessed .... On petition of the nonprevailing party and on a showing of good cause, the trial court may order that interest awarded by this section shall be fully or partially waived.
> 14 M.R.S.A. § 1602(1).

bodily injury liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident." Because the prejudgment interest the Trasks seek is an element of compensatory damages, it is governed by this language limiting recovery for damages. *See Osgood v. Osgood,* 1997 ME 192, ¶ 10, 698 A.2d 1071, 1073 ("Prejudgment interest, disapproved of at common law, was created by the Legislature as a measure of damages to penalize defendants for delay and to encourage the pretrial settlement of clearly meritorious suits.")

[¶ 9] The principle of stare decisis "embodies the important social policy of continuity in the law by providing for consistency and uniformity of decisions." *Bourgeois v. Great N. Nekoosa Corp.,* 1999 ME 10, ¶ 5, 722 A.2d 369, 371. In order for the Trasks to prevail, we must overrule *Simpson.* We decline, however, to disturb that precedent. First, this is not a situation where the authorities supporting the bar against prejudgment interest in an amount greater than coverage limitations have eroded such that the suppositions have been disproved or become counterproductive. *See Myrick v. James,* 444 A.2d 987, 998 (Me.1982) (discussing stare decisis). To support their position, the Trasks raise policy arguments we have previously rejected. *See Nunez,* 472 A.2d at 1385 n. 6. In addition, contrary to the Trasks' contention, the holding of *Simpson* has not been repudiated by recent case law. In *Botting v. Allstate Insurance Co.,* 1998 ME 58,

¶ 7, 707 A.2d 1319, 1322, we awarded prejudgment interest in excess of coverage limitations after the insurer admitted on appeal that it was liable for such interest by the terms of its contract. In contrast, the insurance policies at issue both here and in *Simpson* limit liability by stating that the insurer will pay damages only up to the coverage limitation. In *Greenvall v. Maine Mutual Fire Insurance Co.,* 1998 ME 204, ¶ 8 n. 6, 715 A.2d 949, 953 n. 6, we merely clarified *Simpson* by stating a judgment against the tortfeasor is not a condition precedent to recovery for underinsured motorist coverage.

[¶ 10] Second, the conditions of society have not changed so drastically that the rule in *Simpson* "no longer fulfill[s] the needs of a just and efficient system of law," or creates "a cultural lag of unfairness or injustice." *Myrick,* 444 A.2d at 998. On the contrary, our case law reflects the majority position on this issue.[4]

[¶ 11] Third, the Legislature has had eight years to amend the statute on prejudgment interest if it disagreed with the policy ramifications of *Simpson,* but has not done so. We therefore conclude the trial court did not commit an error of law by denying the Trasks prejudgment interest in excess of their coverage.

## II. COSTS AND EXPENSES

[¶ 12] The Trasks also contend the trial court erred by denying their motion for costs and expenses by both rule and statute.[5] Few cases deal explicitly with an

---

4. *See Starke,* 797 P.2d at 20–21; *Lessard,* 514 N.W.2d at 559; *Cochran v. North Carolina Farm Bureau Mut. Ins. Co.,* 113 N.C.App. 260, 437 S.E.2d 910, 913 (1994); *Carney v. State Farm Mut. Auto. Ins. Co.,* 877 P.2d 1113, 1119 (Okla.1994); *Factory Mut. Liab. Ins. Co. v. Cooper,* 106 R.I. 632, 262 A.2d 370, 372 (1970); *Nielsen v. O'Reilly,* 848 P.2d 664, 670 (Utah 1992); *Dairyland Ins. Co. v.. Douthat,* 248 Va. 627, 449 S.E.2d 799, 802 (1994); *Buckhannon–Upshur County Airport Auth. v. R & R Coal Contracting, Inc.,* 186 W.Va. 583, 413 S.E.2d 404, 409 (1991); *but see Vasquez v. LeMars Mut. Ins. Co.,* 477 N.W.2d 404,

410–11 (Iowa 1991); *Burton v. Foret,* 498 So.2d 706, 712 (La.1986); *Denham v. Bedford,* 407 Mich. 517, 287 N.W.2d 168, 173–75 (1980); *Potomac Ins. Co. v. Howard,* 813 S.W.2d 557, 558 (Tex.App.1991).

5. M.R. Civ. P. 54(d) states: "Costs shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs." Subsection (g) addresses the costs of depositions, and states in relevant portion:

The taxing of costs in the taking of depositions shall be subject to the discretion of the

award of costs and expenses in excess of coverage. In *Simpson*, however, we stated that the trial court did not abuse its discretion by "reducing as an allowable cost the amount submitted ... for an expert witness's fee." 588 A.2d at 1187. Thus, we have affirmed the award of costs and expenses in excess of underinsured motorist coverage in the past.

[¶ 13] Although we did not explicitly say so, the rationale for allowing costs, but not prejudgment interest, was that costs are not a form of compensatory damages, and therefore were not contractually limited in *Simpson*. Costs do not compensate an injured person for loss, detriment, or injury, but are simply the burden of litigating. *See Folsom v. Butte County Ass'n of Gov'ts*, 32 Cal.3d 668, 186 Cal.Rptr. 589, 652 P.2d 437, 444 (1982) (stating costs do not constitute part of the judgment, but are merely incident to it); *Walker v. St. Louis–San Francisco Ry.*, 671 P.2d 672, 674 (Okla.1983) (same); *Harvey v. Lewis*, 10 Mich.App. 23, 158 N.W.2d 809, 814 (1968) (stating taxation of costs neither reward nor punishment, but merely a burden of the litigation). Costs in this case do not come within the AIC policy language stating that the insurer will pay up to its limit of liability for "all damages." Therefore, the coverage limitation preventing recovery of prejudgment interest does not apply to costs, and the contract is otherwise silent on the issue. In that case the presumptions by rule and statute apply that the prevailing party can recover costs, even if they would cause the judgment to exceed the policy limitation.[6]

court.... Taxable costs may include the cost of service of subpoena upon the deponent, the reasonable fee of the officer before whom the deposition is taken, the stenographer's reasonable fee for attendance, and the cost of the original transcript and one copy of the testimony or such part thereof as the court may fix.

M.R. Civ. P. 54(g).

In relevant part, 14 M.R.S.A. § 1502–B (Supp.1998) provides:

The following costs shall be allowed to prevailing parties in civil actions unless the court otherwise specifically directs:

1. Filing fees. Filing fees paid to the clerk;

2. Fees for service of process. Fees paid for service of process and other documents ...;

3. Attendance fees and travel costs paid to witnesses. Attendance fees and travel costs of witnesses as allowed by Title 16, section 251 or other laws;

4. Travel expenses. Reasonable expenses of travel within the State to the place of trial for the prevailing party or his attorney of record ...;

5. Other costs. Such other costs as the Supreme Judicial Court may direct by rule.

In relevant part, 14 M.R.S.A. § 1502–C (Supp.1998) provides:

In addition to other costs allowed to the prevailing party, the court may include as costs, in such amounts as it considers just and reasonable, any of the following items:

1. Reasonable expert witness fees and expenses. Expert witness fees and expenses, as allowed by Title 16, section 251;

2. Cost of medical reports. The cost of reasonable medical reports, not including costs of the examination or treatment of a patient, which are prepared for the purpose of litigation and which are exchanged by the parties;

3. Visual aids. The reasonable costs of charts, diagrams, photographs and other visual aids necessary for clear understanding of the case by the court or jury not to exceed $500;

4. Costs of depositions. Costs in the taking of depositions as allowed by rule of the Supreme Judicial Court or by other law;

5. Other costs. Such other costs as the Supreme Judicial Court may allow by rule.

In relevant part, 16 M.R.S.A. § 251 (Supp. 1998) provides that "[t]he court in its discretion may allow at the trial of any cause, civil or criminal, in the Supreme Judicial Court, the Superior Court or the District Court, a reasonable sum for each day's attendance of any expert witness or witnesses at the trial, in taxing the costs of the prevailing party."

6. To the extent the Trasks challenge the trial court's order determining what an award of costs would be if relevant on appeal, the trial court did not abuse its discretion. *See Poland v. Webb*, 1998 ME 104, ¶ 12, 711 A.2d 1278, 1280. The Trasks contend that Dr. Kalikow's costs were incurred in preparing her for trial, but the costs of taking depositions and reasonable expert witness fees and expenses are discretionary with the trial court. *See* 14 M.R.S.A. § 1502–C(1) & (4).

[¶ 14] The remaining issues raised by the Trasks do not merit discussion.

The entry is:

Judgment modified to grant costs and expenses of $18,396.43 to the Trasks, and otherwise affirmed.

