2000 ME 26

## William MOHOLLAND

v.

## EMPIRE FIRE & MARINE INSURANCE CO.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 17, 1999.

Decided Feb. 11, 2000.

Arthur J. Greif, Gilbert & Greif, Bangor, for plaintiff.

Steven J. Mogul, Gross, Misky, Mogul & Singal, P.A., Bangor, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] William Moholland appeals from a judgment entered in Superior Court (Washington County, *Mead, J.*) in an action against his underinsured motorist insurance carrier, Empire Fire & Marine Insurance Co. (Empire). Although he obtained a judgment against Empire, Moholland contends that the court erred when it refused to award him costs, prejudgment interest, and post-judgment interest on the ground that Empire's total exposure could not exceed the liability limits in his policy. We agree that Moholland is entitled to costs and post-judgment interest and vacate that part of the judgment.

[¶ 2] The facts in this case are undisputed and may be summarized as follows: In 1992, Moholland was involved in an automobile accident with Joyce Garland. Moholland received payment from Garland's insurer in the amount of $20,000; this money represented the limits of her liability insurance coverage. Empire was Moholland's insurer and his policy contained an underinsured motorist endorsement. Moholland sent a notice of claim to Empire shortly after the accident. Empire refused to honor the claim, and Moholland instituted this action.

[¶ 3] The parties stipulated before trial that Moholland was not negligent in the accident. Although the jury verdict awarded Moholland $45,000 in damages,

the court entered judgment for Moholland in the amount of $20,000, representing the difference between Moholland's underinsured policy limits [1] and the settlement with Garland. Moholland submitted a bill of costs [2] and filed a motion approximately two weeks later to alter or amend the judgment to include costs and interest. The court denied this motion and the bill of costs ruling that Empire's total exposure could not exceed its policy limits. Moholland appeals from this judgment.

[¶ 4] Moholland first argues that he is entitled to prejudgment interest [3] even though such interest would exceed the policy limitations. In *Trask v. Automobile Ins. Co.*, 1999 ME 94, 736 A.2d 237, decided during the pendency of this appeal, we reaffirmed our prior decision in *Simpson v. Hanover Insurance Co.*, 588 A.2d 1183 (Me.1991) and held that prejudgment interest is a species of compensatory damages and is therefore governed by policy language limiting an insurer's exposure for damages. *See id.* ¶ 8, 736 A.2d at 239. Moholland's underinsured motorist policy

specifically limits Empire's exposure for damages.[4] Prejudgment interest is therefore unavailable because its grant would exceed the contractual limits on damages found in Moholland's policy.

[¶ 5] On the other hand, the parties do not dispute that *Trask* now allows the court to award costs to Moholland irrespective of the policy limits. Because, as we held in *Trask*, costs are "not a form of compensatory damages," they are not subject to the policy's contractual limitations. *See id.* ¶ 13, 736 A.2d at 240. Costs should therefore be awarded to Moholland in conformity with *Trask*.

[¶ 6] Moholland's request for an award of post-judgment interest [5] presents an issue of first impression in Maine.[6] Nonetheless, *Trask* sets forth the analytical framework for deciding this issue. The contractual language involved in both *Trask* and the present case limits liability for damages. If post-judgment interest is a species of compensatory damages, it would be governed by the policy limits on

1. Apparently the limit on underinsured motorist coverage was $40,000. The record, however, does not contain any part of the policy except for a two page underinsured motorist endorsement that asks the reader to look to the policy declarations to discover the liability limitations.

2. In addition to an itemized list of costs, Moholland's bill of costs contained requests for prejudgment and post-judgment interest.

3. Prejudgment interest is authorized by 14 M.R.S.A. § 1602(1) (Supp.1999): "In all civil actions, except those actions involving a contract or note which contains a provision relating to interest, prejudgment interest shall be assessed ...." *Id.*

4. The limitation language states: "Regardless of the number of covered 'autos,' 'insureds,' premiums paid, claims made or vehicles involved in the 'accident,' the most we will pay for all damages is the LIMIT OF INSURANCE for UNINSURED MOTORISTS COVERAGE shown in the Declarations."

5. Post-judgment interest is authorized by 14 M.R.S.A. § 1602-A (Supp.1999): "From and

after the date of entry on an order of judgment, including the period of the pendency of an appeal, interest shall be allowed ...." *Id.* The present case is unusual in that the party claiming post-judgment interest is the appellant. We need not suggest a result if an appeal were taken by the prevailing party primarily for the purpose of obtaining favorable post-judgment interest. The defendant, in any event, could avoid or reduce post-judgment interest by paying any amount not in dispute.

6. The other states that have dealt with post-judgment interest have done so in the context of policies that specifically obligate the insurer to pay, in addition to the policy limits, interest accruing upon judgments. *See, e.g., White v. Auto Club Inter–Insurance Exchange*, 984 S.W.2d 156, 159 (Mo.Ct.App.1998); *Safeway Ins. Co. v. Amerisure Ins. Co.*, 707 So.2d 218, 221 (Ala.1997); *DiBenedetto v. Estate of DiBenedetto*, 219 N.J.Super. 440, 530 A.2d 800, 802 (1987); *Factory Mut. Liability Ins. Co. v. Cooper*, 106 R.I. 632, 262 A.2d 370, 372 (1970); *Houser v. Eckhardt*, 35 Colo.App. 155, 532 P.2d 54, 55 (1974). The record on appeal is insufficient to determine whether this policy contains a similar clause. *See* Note 1, *supra*.

liability. Compensatory damages are those which "compensate an injured person for loss, detriment, or injury ...." *Id.* ¶ 13, 736 A.2d at 240. Prejudgment interest falls within this definition because it compensates the insured for the delay and expense that occurs when the insurance company litigates a meritorious claim.

 [¶ 7] Post-judgment interest, on the other hand, does not compensate the insured for additional damage arising from delay in litigation. Litigation has concluded and the court has entered judgment in favor of the insured. The nonprevailing party is not free to flout that judgment. Post-judgment interest is an enforcement tool to ensure that, once litigants have successfully invoked the power of the courts, the award of just compensation will not be diminished by delay in payment.

 [¶ 8] Finally, the parties also disagree as to the proper remedy on remand. Moholland argues that the court has already decided the issue of costs and interest, and that Empire's failure to cross-appeal necessarily requires us to modify the judgment to award him the full amount of his bill of costs. Empire argues in turn that the court did not decide which costs and interest to award and requests that the case be remanded for this determination.[7]

[¶ 9] The court in the present case stated that if costs were allowable beyond the policy limits, it "would have been otherwise inclined to approve costs as presented in the Plaintiff's Bill of Costs (and award appropriate interest on the Judgment) ...." Although we agree that if this language indicated a ruling in the alternative, Empire would be required to file a cross-appeal to challenge that ruling, *see Bourgoin v. J.P. Levesque & Sons*, 1999 ME 21, ¶ 8, 726 A.2d 201, 203, the court's language, considered in context, does not reflect a ruling in the alternative.[8] The amount of costs and post-judgment interest was not decided and remains for detailed consideration.

The entry is:

The judgment denying costs and post-judgment interest is vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.

---

7. In the alternative, Empire argues it was error for the court to award several of the specific cost items contained in Moholland's bill of costs.

8. In contrast, the trial court in *Trask* specifically "stated that should the issue become relevant after appeal, it would approve" all the Trasks' costs except for one item. *Trask,* 1999 ME 94, ¶ 4, 736 A.2d at 238.