STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-66

MATTHEW W. PULLEY, D.C.,

Petitioner

v.

**DECISION AND ORDER**

MAINE STATE BOARD OF
CHIROPRACTIC LICENSURE,

Respondent

This matter is before the court on petition for review pursuant to 5 M.R.S.A. § 1102, 10 M.R.S.A. § 8003(5) and M.R. Civ. P. 80C.

Pursuant to complaints, the Maine State Board of Chiropractic Licensure (Board) held a hearing and deliberative session to determine whether to take disciplinary action against Matthew Pulley, D.C. (petitioner) on his license to practice as a chiropractor. The hearing encompassed two full days and well into a night resulting in 1,236 pages of typed transcript. The Board concluded that Dr. Pulley had violated Board statutes and rules, did not appear to understand what he did wrong or the harm caused by his actions or to show any remorse to the complainants. The Board ordered that petitioner's license to practice be suspended for a four-month period in addition to the initial investigative suspension, that the petitioner receive a reprimand and that petitioner's license be placed on probation for a period of five years with the conditions that he attend and complete an Ethics and Boundaries approved course, have a female state-certified chiropractic assistant present when he treats female patients, receive counseling to the satisfaction of the Board, attend and pass an activator methods course, attend and pass an additional course in the Logan Basic Technique, attend and pass a

pre-approved recordkeeping course, allow random inspections by the Board's staff and to pay costs of the hearing. When the petition was filed, Dr. Pulley represented to the Board that he had attended and passed the Ethics and Boundaries course, that he had received the appropriate counseling, that he had completed and passed a proficiency course in activator methods, that he had removed the Logan Basic Technique as part of his practice, that he had attended and passed a recordkeeping course and that he had paid the assessment. Accordingly, petitioner asks relief from this court from the requirement of the length of his probation at five years and that he be required to have present a state-certified chiropractic assistant when treating female patients.

Petitioner first argues that the five-year period of probation is excessively long and is neither authorized by the statute nor consistent with the evidence in the case. Most specifically, petitioner notes that the period of probation exceeds any period of suspension of a practitioner's license the Board was authorized to impose under 10 M.R.S.A. § 8003(5)(A-1)(2), a limitation of 90 days for each violation. Dr. Pulley points out that even if the Board were to consider each instance of violation as a separate actionable event, it could encompass no more than 16 violations.

Secondly, petitioner argues that deliberating into the late hours of the evening, the Board arbitrarily selected five years without substantiation in the evidence. With regard to the "chaperone" issue, Dr. Pulley asserts that he has now gone to an "open adjustment" method of practice in which, according to his petition, "patients are adjusted while clothed and in an open area observable by other patients, staff, and professionals." He argues, under those circumstances, that he does not need a chaperone present because, among other things, no clothing is removed. Furthermore, petitioner believes that requiring the chiropractic assistant to be state-certified is arbitrary, capricious, without statutory authorization and without basis on the record.

At argument, petitioner pointed out that certified chiropractic assistants are few and far between and difficult to find to employ.

The Maine State Board of Chiropractic Licensure comes under 10 M.R.S.A. § 8003 under the Office of License and Registration within the Division of Administrative Services. Section 8003(5) provides the authority to the Board. It states:

> In addition to authority otherwise conferred, *unless expressly precluded by language of denial in its own governing law,* each . . . board within or affiliated with the department may take one or more of the following actions . . .

(Emphasis supplied).

The statute goes on to provide that for each violation of the law or regulation or conditions of licensure, the Board may:

> Suspend a license or registration for up to 90 days for each violation of applicable laws, rules and conditions of licensure or registration or for instance of actionable conduct or activity . . .

10 M.R.S.A. § 8003(5)(A-1)(2) (2004).

> Impose conditions of probation upon an applicant, licensee or registrant. *Probation may run for such time period as the . . . board determines appropriate.*

10 M.R.S.A. § 8003(5)(A-1)(4) (2004) (emphasis supplied).

Disciplinary actions of the Board of Chiropractic Licensure are mandated by 32 M.R.S.A. § 503-A. The grounds of discipline appear in 32 M.R.S.A. § 503-A(2) authorizing the Board to suspend or revoke a license pursuant to 5 M.R.S.A. § 10004 for, among other things, the following activities:

> . . . .

> E.  Incompetence for which the licensee is licensed. A licensee is considered incompetent in the practice if the licensee has:

> (1)  Engaged in conduct that evidences a lack of ability or fitness to discharge the duty owed by the licensee to a client or patient or the general public; or

(2)     Engaged in conduct that evidences a lack of knowledge or inability to apply principles or skills to carry out the practice for which the licensee is licensed.

F.     Unprofessional conduct. A licensee is considered to have engaged in unprofessional conduct if the licensee violates a standard of professional behavior that has been established in the practice for which the licensee is licensed.

In its decision, the Board voted that the petitioner violated 32 M.R.S.A. § 503-A(2)(E) by demonstrating a lack of ability in his treatment of a patient. The Board found a violation of 32 M.R.S.A. § 503-A(2)(F) by failing to maintain the dignity or modesty of two patients. The Board found that Dr. Pulley had violated provisions of its rules by intentionally or recklessly causing physical or emotional harm to a patient. The Board found that the petitioner had violated a provision of its rule by falsifying patient record. The Board found that Dr. Pulley violated a Board rule by engaging in sexual impropriety with respect to female patients. The Board found that petitioner violated its rule in engaging in inappropriate sexual comments. The Board found that Dr. Pulley violated its rule by examining patient areas that may be misconstrued as sexual exploration without verbal or written consent. The Board found that petitioner violated its rule by failing to respect the right and dignity of each patient. The Board found that Dr. Pulley violated its rule by failure to examine members of his staff prior to treating them. Finally, the Board specifically found that petitioner had violated 32 M.R.S.A. § 503-A(2)(H), the general statutory provision providing a grounds for discipline by a person who has violated Chapter 9 of Title 32, The Chiropractic Licensing Law or a rule adopted by the Board.[1]

---

[1] It is to be noted that the Board found that the petitioner did not engage in conduct evidencing a lack of skills, did not violate a term of agreement with another chiropractic doctor, did not violate a rule by touching the genitals of a patient, and did not violate the rule by engaging in sexual activity with a patient.

The standard of review to be applied by this court is "limited to whether the [governmental agency] abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record." *Seider v. Bd. Of Examiners of Psychologists,* 2000 ME 206, ¶ 8, 762 A.2d 551, 555 (citing *Davric Maine Corp. v. Maine Harness Racing Commission,* 1999 ME 99, ¶ 7, 732 A.2d 289, 293). "In reviewing an administrative agency decision, the issue before the court is not whether they would have reached the same conclusion as the agency, but "whether the record contains competent and substantial evidence that support the results reached." *C.W.C.O., Inc. v. Superintendent of Insuarnce,* 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261. "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider,* 2000 ME 26, ¶ 9, 762 A.2d at 555 (citations omitted). Further, this court must give "considerable deference to an agency's interpretation of its own internal rules, regulations, and procedures and will not set it aside, unless the rule or regulation plainly compels a contrary result." *Id.* ¶ 32, 762 A.2d at 561 (citing *Downeast Energy Corp. v. Fund Review Bd.,* 2000 ME 151, ¶ 13, 756 A.2d 948, 951).

> 'Chiropractic' means the art and science of identification and correction of subluxation and the accompanying physiological and mechanical abnormalities. The term subluxation, as utilized within the chiropractic health care system, means a structural or functional impairment of an intact articular unit. Chiropractic recognize the inherent recuperative capability of the human body as it relates to the spinal column, musculo-skeletal and nervous system.

32 M.R.S.A. § 451(1) (2004).

> 'Chiropractic methodologies' utilized for the identification or correction of subluxation and the accompanying physiological or mechanical abnormalities include diagnostic, therapeutic, adjustive or manipulative techniques utilized within the chiropractic profession, excluding prescriptive medication or surgery.

32 M.R.S.A. § 451(3) (2004).

Clearly, this is a field highly technical, scientific and highly removed from the knowledge of the average layman. Accordingly, this court does not "attempt to second-guess the agency on matters falling within its realm of expertise and limiting our review to determining whether the agency's conclusion are reasonable, unjust or unlawful in light of the record." *Imagineering, Inc. v. Department of Professional and Financial Regulation*, 593 A.2d 1050, 1053 (Me. 1991). "The agency's factual determinations must be sustained unless shown to be clearly erroneous. On questions involving the interpretation and application of technical statutes or regulations, this court gives deference to the administrative agency unless the statutes or regulations plainly compel a contrary result." *Id.* at 1053.

The language of authority in the Board with regard to establishment of conditions of probation and, most particularly, the length of probation, has very specifically been spelled out by the legislature recognizing the wide variance of types of boards and commissions to come under Title 10 and the discretion that must be afforded boards in their areas of expertise. Using such language as, "probation may run for such time period as the . . . board . . . determines appropriate," is an unambiguous authority. Furthermore, since the Board has the authority to revoke a license permanently, the statutory authority for the five-year period appears clear.

In examining the transcript of the deliberations and the written decision by the Board, it is clear that the Board determined this to be a case of aggravated violations by the petitioner notwithstanding his professional abilities and skills. The refusal on the part of Dr. Pulley in his sworn testimony to acknowledge the impropriety and nonprofessional behavior in dealing with female patients and the inappropriate use of technique clearly cause the Board to have significant concerns with the challenge of

behavior modification on the part of the licensee. In spite of the testimony by patients of feeling embarrassed and violated and in pain, Dr. Pulley has refused to acknowledge the inappropriate conduct or express any remorse or concern for the feelings of his staff and patients. Superimposed on all of this activity is the strange and unexplainable personal body exposure by the doctor to a staff member during an x-ray process, discussions of his personal sexual ability and the like. The court finds full substantiation for the Board exercising its professional knowledge and determination in the period of probation, finds authority in the statute and notes that the five-year probation is not "expressly precluded by language of denial in its own governing law." 10 M.R.S.A. § 8003(5) (2004).

The requirement of the attendance of a state-certified chiropractic assistant when examining female patients and the requirement that the certified assistant initial the records appears to be consistent with a finding by the Board that the petitioner intentionally falsified patient record entries, used inappropriate chiropractic techniques and exercised sexual improprieties with female patients. In regard to the certification, the Board clearly required the chaperone be a person with knowledge of appropriate chiropractic techniques and recordkeeping to insure Dr. Pulley maintains appropriate patient records and does not deviate from correct chiropractic techniques in a way that appears to be exploiting female patients. Most importantly, as pointed out by the respondent, a certified chiropractic assistant is licensed by the Board and therefore comes within its jurisdiction for purposes of compliance with the laws and rules of chiropractic care. With regard to petitioner's assertion that he no longer disrobes female patients or treats them in a private setting, Dr. Pulley displayed to the Board not only a disregard of the rules but an attitude suggesting that his behavior was not in violation of the rules. The presence of a person knowledgeable in chiropractic

technique will be able to identify those activities inconsistent with proper professional behavior whether it is conduct within a private environment or not. Certainly, the petitioner's assertion that he now treats female patients in an open atmosphere has to be a recognition that his past conduct was not appropriate. A state-certified chiropractic assistant, as imposed by the Board, is a means to assure the Board that he has the intent, as well as the capability, to comply. Furthermore, having the certified chiropractic assistant initial patient records not only assures appropriate recordkeeping but provides a level of protection to the petitioner that he is in compliance with conditions of probation as imposed by the Board.

For the reasons stated herein, the entry will be:

> The Decision of the Maine State Board of Chiropractic Licensure dated July 30, 2004, in the matter of Matthew W. Pulley, D.C., Complaint No. CHR-094 and CHR-095 is AFFIRMED.

Dated: July____12____, 2005

Donald H. Marden
Justice, Superior Court

F

Date Filed __9/3/04__ __Kennebec__ Docket No. __AP04-66__
County

Action __Petition for Review__

## J. MARDEN

__Matthew W. Pulley, D.C.__ vs. __Maine State Board of Chiropractic Licensure__

Plaintiff's Attorney

    James M. Bowie, Esq.
    PO Box 4630
    Portland Maine  04112

Defendant's Attorney

    Dennis E. Smith, AAG
    6 State House Station
    Augusta, Maine  04333-0006

| Date of Entry | |
|---|---|
| 9/3/04 | Petition for Review, filed. s/Bowie, Esq. |
| 9/13/04 | Appearance and Statement of Position, filed. s/Smith, AAG |
| 9/30/04 | Motion to Enlarge Time for Filing Agency Record, filed. s/Smith, AAG Proposed Order, filed. |
| 10/13/04 | ORDER ON MOTION TO ENLARGE, Studstrup, J. Time extended to November 1, 2004. Copies mailed to attys of record. |
| 10/26/04 | Certified Agency Record, filed. s/Smith,AAG (including documentary record of exhibits and orginal transcript of hearing. **in vault**) |
| 10/27/04 | Notice of briefing schedule sent to attys of record. |
| 12/6/04 | Petitioner's Brief in Support of Rule 80C Appeal and Petition for Review of Agency Action, filed. s/Bowei, Esq. |
| 1/5/05 | Brief of Respondent, filed. s/Smith, AAG |
| 1/20/05 | Petitioner's Reply Brief, filed. s/Bowie, Esq. |
| | Notice of setting for __3/9/05__ sent to attorneys of record. |
| 3/9/05 | Oral arguments held with the Hon. Justice Donald Marden, presiding. James Bowie, Esq. for the Petitioner and Dennis Smith, AAG for the Respondent. Court to take matter under advisement. |
| 7/12/05 | DECISION AND ORDER, Marden, J. The Decision of the Maine State Board of Chiropractic Licensure dated July 30, 2004, in the matter of Matthew W. Pulley, D.C., Complaint No. CHR-094 and CHR-095 is AFFIRMED. Copies mailed to attys of record Copies mailed to Deborah Fireston,e Garbrecht Library and Goss. |