STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-06-058
CUM-REC - 4/25/06

STATE FARM FIRE &
CASUALTY COMPANY,

    Plaintiff

  v.

ANGELA C. HALEY and
STEPHEN M. HALEY,

    Defendant

ORDER

Before the court is Defendants Angela and Stephen Haley's motion for summary judgment on Plaintiff State Farm Fire & Casualty Company's declaratory judgment action.

## BACKGROUND

On September 29, 2003, Hazel Stygles was driving on Pernham Street in Farmington, Maine, when she ran a stop sign and a red flashing light and broadsided Angela Haley's vehicle in the driver side door. As a result of the accident, Ms. Haley suffers from serious long-term injuries.[1] State Farm Fire & Casualty Company ("State Farm") was Ms. Stygles' insurer. On November 18, 2003, Angela and Stephen Haley (the "Haleys") served Ms. Stygles with a Notice of Claim. On or about June 7, 2005, the Haleys filed suit in the Franklin County Superior Court. *Angela C. Haley and Stephen M. Haley v. Hazel Stygles*, Docket No. CV-05-31.

---

[1] Angela was diagnosed with L4-5 disc herniation. She suffers severe low back pain, numbness over the right anterior thigh, weakness in her right side, and problems with bowel control.

In and around September, 2005, Ms. Haley and Ms. Stygles reached a settlement. Ms. Haley agreed to accept a settlement of $100,000, Ms. Stygles' policy limit with State Farm. The parties did not agree, however, whether State Farm was also responsible for pre-judgment interest and costs in excess of the policy limit. Consequently, the parties agreed that State Farm would file this declaratory judgment to determine whether State Farm is also responsible for pre-judgment interest and costs in excess of its policy limit. The parties agree that if the court finds that State Farm is responsible, the pre-judgment interest is $9,8414.70 and the costs are $149.33.

Ms. Stygles' policy states:

In addition to the limits of liability, we will pay for an insured any costs listed below resulting from such accident:

1. Court costs of any suit for damages that we defend.
2. Interest on damages owed by the insured due to a judgment and accruing:
   a. After judgment, and until we pay, offer or deposit in court the amount due under this coverage; or
   b. Before the judgment, where owed by law, and until we pay, offer or deposit in court the amount due under this coverage, but only on that part of the judgment we pay.

(Policy p. 7).

## DISCUSSION

The parties agree that there are no genuine issues of material fact before the court. The only legal issue to be determined is whether State Farm is responsible for pre-judgment interest and costs above and beyond the settlement amount and policy limit of $100,000.

State Farm argues that the language of the policy requires the payment of pre-judgment interest only when litigation culminates in a judgment. Because the parties reached a settlement on the policy limit, there is no judgment from

2

which to apply pre-judgment interest. As such, State Farm argues that it is not responsible for pre-judgment interest.

In response, the Haleys argue essentially that that the difference between a judgment and a settlement in this context is merely one of semantics. The policy underlying prejudgment interest is to discourage parties from delaying litigation, which can occur whether the parties go to trial or settle on the eve of trial. Were the court to hold that prejudgment interest does not apply to settlements, in effect it would be discouraging settlements by establishing lower policy limits pre-trial and higher policy limits post-trial. In support of their argument, the Haleys urge the court to follow the holding of the Supreme Court of Alaska in *Tucker v. United Services Automobile Association*, 827 P.2d 440 (Alaska, 1992).

Under Maine law, prejudgment interest is allowed in all civil actions involving a contract that contains a provision relating to interest. 14 M.R.S.A. § 1602-B(2). The interest accrues from the time of the service of a notice of claim or the filing of the complaint until the date that an order of judgment is entered. 14 M.R.S.A. § 1602-B(5). The order of judgment must state the applicable interest rate for prejudgment interest to be awarded. 14 M.R.S.A. § 1602-B(4).

The policy reasons behind prejudgment interest are two-fold. First, it compensates an injured party for the inability to use money rightfully belonging to that party between the date the notice of claim is served or suit is filed and the date judgment is entered. *Jasch v. The Anchorage Inn*, 2002 ME 106, ¶ 13, 799 A.2d 1216, 1219 (discussing prejudgment interest in the workers' compensation setting). Second, it encourages the defendant to pursue settlement of clearly meritorious suits. *Id.*

3

The Law Court first examined the issue of prejudgment interest in *Nunez v. Nationwide Mutual Insurance Co.*, 472 A.2d 1383 (Me. 1984).[2] On strikingly similar facts to the present case, *Nunez* arose from a declaratory judgment action brought by a plaintiff who had settled with the insured tortfeasor's liability carrier for the policy limit. The policy provided that the policy limit was $50,000 for all damages, but was silent on prejudgment interest. The settlement agreement, however, provided that the insurer would pay such prejudgment interest as it was found legally obligated to pay under the terms of the policy.

Regardless of the language of the settlement agreement, the Law Court held that the plain language of the policy is controlling on whether prejudgment interest is due. *Id.* Accordingly, the Court adopted the majority rule and held that a liability insurer has no obligation to pay on behalf of its insured any sums, including prejudgment interest, in excess of the policy limit.[3] *Nunez*, 472 A.2d at 1384. The Court further noted: "The limitation serves a legitimate purpose and, except for express policy exceptions or statutory requirements not present in this case, the limitation ought to apply to all sums which the insurer is obligated to pay." *Id.*

---

[2] 14 M.R.S.A. § 1602 then provided:

> In all civil actions, except those actions involving a contract or note which contract or note contains a provision relating to interest, interest shall be assessed from the date on which the complaint is filed in court. . . . From and after the date of entry or an order for judgment, including the period of pendency of an appeal, interest shall be allowed at the rate of 10% per year.

[3] *See Lessard v. Milwaukee Ins. Co.*, 524 N.W.2d 556, 558-559 (Minn. 1994); *Carney v. Auto Ins. Co.*, 877 P.2d 1113, 1118-1119 (Okla. 1994); *Guin v. Ha*, 591 P.2d 1281 (Alaska 1979); *Factory Mutual Liability Insurance Company of America v. Cooper*, 106 R.I. 632, 262 A.2d 370 (R.I. 1970); *Walker v. Walker*, 108 N.H. 341, 235 A.2d 520 (N.H. 1967); *Laplant v. Aetna Casualty and Surety Co.*, 107 N.H. 183, 219 A.2d 283 (N.H. 1966).

In further examining this issue, the Law Court fortified *Nunez* by holding that prejudgment interest is an element of compensatory damages and therefore governed by the policy language limiting an insurer's exposure for damages. *Moholland v. Empire Fire & Marine Insurance Co.*, 2000 ME 26, ¶ 4, 746 A.2d 362, 364; *Trask v. Automobile Insurance Co.*, 1999 ME 94, ¶ 6, 736 A.2d 237, 238. Costs, on the other hand, are not an element of compensatory damages in that they do not compensate an injured person for loss, detriment, or injury. *Trask*, 1999 ME 94, ¶ 13, 736 A.2d at 240. In *Trask*, when the policy was silent on the issue of costs, the Court held that because costs are simply a burden of litigation, the prevailing party was entitled to recover costs in excess of the policy limit. *Id.*

Although the Haleys urge the court to follow the holding of the Supreme Court of Alaska, the facts presented in *Tucker v. United States Automobile Association*, are distinguishable from these facts. In *Tucker*, the policy anticipated payment of prejudgment interest on a settlement by the parties. It stated that the insurer would award prejudgment interest "if we make an offer to pay the applicable limit of liability." 827 P.2d at at 440. Here, the State Farm policy limitation only states that prejudgment interest is due upon judgment.

In this case, the analysis begins with the plain language of the State Farm policy. The policy states that State Farm will pay prejudgment interest in excess of the policy limit due on a judgment. The plain language of the policy does not indicate that prejudgment interest shall be paid after settlement. Rather, the policy limits prejudgment interest to cases that culminate in a judgment. This interpretation is in line with a common sense understanding of the term "prejudgment interest," which implies that interest accrues until final judgment in the matter.

5

While the law does not specifically mandate prejudgment interest after settlement, on a policy level, the impending threat of prejudgment interest served its purpose in this case. State Farm defended Ms. Stygles and the parties reached a settlement. There is no allegation that State Farm delayed the litigation or otherwise acted in bad faith. The Haleys could have rejected the settlement and chosen to take the case to trial. Had they prevailed, they would have been entitled to prejudgment interest under the terms of the policy.

Trial entails risk while settlement eliminates risk through a negotiated compromise. Here, the Haleys negotiated a favorable outcome by settling to the limit of Ms. Stygles' policy. Thus, according to *Nunez*, they are not entitled to prejudgment interest under the plain language of the State Farm policy.

Turning to the issue of costs, the policy clearly states that State Farm will pay "Court costs of any suit for damages that we defend." Although the policy is not silent on costs, as in *Trask*, it does not require a judgment in order to trigger this provision. Accordingly, the Haleys are entitled to recover costs in excess of the policy limit.

The entry is:

> Defendants' motion for summary judgment is DENIED in part and GRANTED in part. Because there are no genuine issues of material fact, the court holds that Plaintiff is not responsible for prejudgment interest but is responsible for $149.33 in costs.

DATE: _April 25, 2006_

Robert E. Crowley
Justice, Superior Court

6

Attys of record:

Christopher Dinan,
Esq -
Pltf

Stephen Wade, Esq -
Def .