2007 ME 42

**STATE FARM FIRE AND CASUALTY COMPANY**

v.

**Angela C. HALEY et al.**

Supreme Judicial Court of Maine.

Argued: Nov. 29, 2006.

Decided: March 2, 2007.

---

Christopher Dinan (orally), Monaghan & Leahy, Portland, for the plaintiff.

Stephen B. Wade (orally), Skelton, Taintor & Abbott, Auburn, for the defendant.

Panel: SAUFLEY, C.J., and DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

Majority: SAUFLEY, C.J., and ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

Dissent: DANA, J.

SILVER, J.

[¶ 1] Angela and Stephen Haley appeal from a summary judgment entered in the Superior Court (Cumberland, *Crowley, J.*) denying the Haleys prejudgment interest on a $100,000 settlement they reached with State Farm Fire and Casualty Company. The settlement reached the limit of the tortfeasor's insurance policy. The Haleys argue that because State Farm agreed in the release of claims to pay the policy limit, it is also obligated under the terms of its policy to pay prejudgment interest beyond that limit. We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] The facts are undisputed. While driving, Hazel Stygles, an individual insured by State Farm, ran a stop sign and flashing red light and crashed into the driver's side door of Angela Haley's vehicle. Consequently, Haley suffered serious long-term injuries. The Haleys filed suit in the Superior Court. The Haleys and State Farm reached a policy limit settlement of $100,000 before judgment. The release of claims described the settlement. They did not agree, however, on whether State Farm was responsible for prejudgment interest and costs in excess of the policy limit.

[¶ 3] The Haleys agreed that State Farm would file a declaratory judgment action to determine whether prejudgment interest and costs should be awarded. After commencement of the action, the Haleys filed a motion for a summary judgment, which the Superior Court denied in part and granted in part, holding that State Farm was not responsible for prejudgment interest. This appeal followed.

## II. DISCUSSION

[¶ 4] The Haleys contend that the language of State Farm's policy obligates it to pay prejudgment interest in excess of a policy limit settlement. We have determined that "the plain language of the policy controls" whether an insurer is obligated to pay prejudgment interest beyond its policy limit. *Nunez v. Nationwide Mut. Ins. Co.*, 472 A.2d 1383, 1385 (Me.1984); *see Moholland v. Empire Fire & Marine Ins. Co.*, 2000 ME 26, ¶ 4, 746 A.2d 362, 364; *Trask v. Auto. Ins. Co.*, 1999 ME 94, ¶ 8, 736 A.2d 237, 239.

[¶ 5] The State Farm policy provides:

In addition to the limits of liability, we will pay for an *insured* any costs listed below resulting from such accident.

1. Court costs of any suit for damages that we defend.

2. Interest on damages owed by the *insured* due to a judgment and accruing:

    a. after the judgment, and until we pay, offer or deposit in court the amount due under this coverage; or

    b. before the judgment, where owed by law, and until we pay, offer or deposit in court the amount due under this coverage, but only on that part of the judgment we pay.

(Emphasis in original.) The Haleys contend that paragraph b obligates State Farm to pay them prejudgment interest.

[¶ 6] We disagree. The plain language of that paragraph clearly dictates that State Farm pay interest only in the instance of a judgment. A settlement is not a judgment and State Farm is not obligated to pay prejudgment interest in excess of its policy limit.

The entry is:

Judgment affirmed.

DANA, J., dissenting.

[¶ 7] I respectfully dissent.

[¶ 8] The Court relies on the language of the insurance policy to conclude that State Farm had no obligation to pay the Haleys in settlement an amount equal to the prejudgment interest they would be entitled to if, instead of settling, they got a judgment for the policy limits or higher. In doing so, the Court relies on a series of cases it contends supports the proposition that "the plain language of the policy controls." *Nunez v. Nationwide Mut. Ins. Co.*, 472 A.2d 1383, 1385 (Me.1984); *see Moholland v. Empire Fire & Marine Ins. Co.*, 2000 ME 26, ¶ 4, 746 A.2d 362, 364; *Trask v. Auto. Ins. Co.*, 1999 ME 94, ¶ 8, 736 A.2d 237, 239. I believe the Court's reliance on these cases is off the mark. In addition, the Court fails to account for the

duty of insurers, pursuant to Maine law, to act in good faith and deal fairly with its insureds, and to exercise good faith in the settlement of third party claims. *Marquis v. Farm Family Mut. Ins. Co.*, 628 A.2d 644, 648 (Me.1993).

[¶ 9] In *Nunez*, we were asked to determine whether the plaintiff, in settling with the insurer, should be able to recover prejudgment interest under the insurance policy. *Nunez*, 472 A.2d at 1383. In *Moholland* and *Trask*, we were asked to consider the same question, but in the context of a judgment. *Moholland*, 2000 ME 26, ¶ 1, 746 A.2d at 363; *Trask*, 1999 ME 94, ¶ 1, 736 A.2d at 237. In all three cases, we held that because prejudgment interest is compensatory in nature, it is subsumed within the overall policy limits. It is important to note, however, that all three policies did not expressly address whether prejudgment interest was subsumed within or was in addition to the nominal policy limits. The policy in the present case is materially different. Section I of the State Farm policy provides, in pertinent part:

In addition to the limits of liability, we will pay for an *insured* any costs listed below resulting from such accident.

1. Court costs of any suit for damages that we defend.

2. Interest on damages owed by the *insured* due to a judgment and accruing:

    a. after the judgment, and until we pay, offer or deposit in court the amount due under this coverage; or

    b. before the judgment, where owed by law, and until we pay, offer or deposit in court the amount due under this coverage, but only on the part of the judgment we pay.

(Emphasis in original.) Unlike the policies in question in *Moholland*, *Trask*, and *Nunez*, the State Farm policy here expressly provides for the payment of prejudgment

interest in excess of the policy limits. This distinction undermines the Court's opinion in two important respects.

[¶ 10] First, in both *Trask* and *Nunez,* we relied on *Guin v. Ha,* 591 P.2d 1281, 1286–87 (Alaska 1979), where that state's highest court determined that, in the absence of an express indication otherwise, prejudgment interest fell within the limits for all damages under the policy. For instance, in *Trask,* in the absence of an express provision to the contrary, we held that "[b]ecause the prejudgment interest ... is an element of compensatory damages, it is governed by this language limiting recovery for damages." *Trask,* 1999 ME 94, ¶ 8, 736 A.2d at 239. All of these cases suggest that prejudgment interest is an element of compensatory damages that is subsumed within the insured's policy limits in the absence of an express provision to the contrary. When a policy adds prejudgment interest to the otherwise fixed policy limits, it should have the effect of increasing the total compensatory damages available for either judgment or settlement under the policy.

[¶ 11] This case is remarkably similar to *Tucker v. United Servs. Auto. Ass'n,* 827 P.2d 440 (Alaska 1992). In that case, a motorist injured in an automobile accident agreed to settle her negligence claim against another driver for the "policy limits" of that driver's coverage from the United Services Automobile Association (USAA). *Id.* at 440. Much like the case at bar, the policy expressly provided for prejudgment interest in addition to the limits of the insurer's liability under the policy. *Id.* The Alaska Supreme Court determined that settlement for the "policy limits" meant the "maximum available coverage ... includ[ing] prejudgment interest," and held that although the insurer was not required to contract with the insured to pay prejudgment interest, once it had, the insurer was required to pay prejudgment interest in a "policy limits" settlement because it constituted the outer limits of USAA's exposure under the contract. *Id.* at 440–41. Similarly, the insurance contract between the insured here and State Farm provides for prejudgment interest in excess of the policy limits. Under the settlement agreement of the parties, State Farm is obligated to pay the maximum policy limits, which in my view under the plain language of the policy includes prejudgment interest. We should not relieve State Farm of its obligations under the policy.

[¶ 12] Second, although I agree with the Court's conclusion that "the plain language of the policy controls," I read the plain language as commanding a different result. The Court relies on *Moholland, Trask,* and *Nunez* for the proposition that prejudgment interest is not available when there is no judgment. *Moholland, Trask,* and *Nunez* never considered such a question, but rather, held that in cases where the policy makes no express provision for prejudgment interest, the "plain language" of the policy, in setting a general limit for all damages, "controls." These cases never posed, nor did we ever consider, the significantly different question of whether, under a policy that expressly provides for prejudgment interest above policy limits, the insurer has an obligation to include "presettlement" interest in a prejudgment "policy limits" offer of settlement.

[¶ 13] While the Court emphasizes the condition precedent of a judgment in interpreting the "plain language of the policy," I regard the policy language providing for prejudgment interest in excess of the policy limits as most dispositive. In my view, the plain language of the policy imposes a duty upon State Farm, in cases where its maximum exposure is appropriately payable, to pay both the policy limits and the additional prejudgment (or presettlement) interest.

[¶ 14] The Court's dependence upon a judgment as a condition precedent to State Farm's obligation to pay interest raises form over substance. In Maine, an insurer's obligation to its insured under an insurance policy does not require a judgment. Rather, insurers are required to act in good faith and deal fairly with its insureds, and to exercise good faith in the settlement of third party claims. *Marquis*, 628 A.2d at 648. In Maine, an insurance company has a legal duty to its insured to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear. 24–A M.R.S. § 2436–A(1)(E) (2006).

[¶ 15] In addition, a majority of states have recognized that, in cases where the expected damages exceed the limits of a policy, an insurer has a good faith duty to settle the claim within the policy limits, and that a bad faith failure to do so subjects the insurer to liability for any judgment rendered against the insured in excess of the policy limits. *See, e.g., Johnson v. Tenn. Farmers Mut. Ins. Co.*, 205 S.W.3d 365, 370 (Tenn.2006) (bad faith refusal to settle is a willingness on the part of the insurer to gamble with the insured's exposure above policy limits in an attempt to save its own money or is an intentional disregard of the interests of the insured in the hope of escaping full liability imposed upon it by the policy); *Hamilton v. Md. Cas. Co.*, 27 Cal.4th 718, 117 Cal.Rptr.2d 318, 41 P.3d 128, 132 (2002) (An insurer, when considering a settlement offer, must take into account the interests of the insured. When there is a risk of recovery beyond the policy limits, a good faith consideration of the insured's interests may require the insurer to settle the claim within the policy limits, and an unreasonable refusal to do so may subject the insurer to liability for any portion in excess of the policy limits.); *Dairyland Ins. Co. v. Herman*, 124 N.M. 624, 954 P.2d 56, 61

(1997) (when there is a substantial likelihood of recovery in excess of the limits, an insurer's unwarranted refusal to settle within the policy limits is a breach of the implied covenant of good faith and fair dealing).

[¶ 16] The existence of a cause of action in Maine for damages for an insurer's bad faith failure to settle within policy limits is unsettled. Contrary to the national trend, in *Rumford Falls Paper Co. v. Fidelity & Cas. Co.*, 92 Me. 574, 584–88, 43 A. 503, 505–07 (1899), we held that an insurer has the exclusive authority to settle claims, and has no liability to the insured for the amount of the judgment in excess of the policy limits as a result of a failure to settle. More recently in *Wilson v. Aetna Cas. & Surety Co.*, 145 Me. 370, 374–75, 76 A.2d 111, 113 (1950), however, we held:

It seems unnecessary to review or to analyze the authorities they have cited to us, or any of them, although we declare recognition of the principle of law, on which there seems to be no dispute, that an insurer is liable to his insured for bad faith or negligence in the preparation or conduct of the defense of any action he has contracted to defend. It is well established also that he may be subject to liability, under appropriate circumstances, for a failure to accept an offer of compromise.

We determined, however, that the facts of the *Wilson* case "d[id] not require us to give any consideration to the 'bad faith rule.'" *Id.* at 375, 76 A.2d at 113. In addition, there appears to be a split within the Superior Court. *Compare Wells v. Anthem Health Plans of Me. Inc.*, 2006 WL 1670294, *7, n. 5, 2006 Me.Super. Lexis 105, *21 n. 5 (May 9, 2006) ("Maine does not recognize the tort of bad faith in an insurance context."), *with McIver v. Empire Fire & Marine Ins. Co.*, 1986 Me.Super. Lexis 175, *6 (Aug. 7, 1986) ("It is

without question that Empire had a duty to defend the Plaintiff in good faith and to exert all reasonable efforts to settle the claim within the policy limits.").

[¶ 17] In my view, we should resolve any conflict in outcomes by expressly declaring that Maine law imposes upon insurers a good faith duty to settle within the limits of a policy when faced with the possibility of a substantial excess judgment against the insured. *See* 24–A M.R.S. § 2436–A(1)(E). When viewed through this lens, an insurer such as State Farm may not hide behind the language of the policy, contending that it has no obligation to its insured to pay prejudgment interest in the absence of a judgment. Rather, given that the Haleys' damages would have far exceeded the $100,000 limits of the policy, State Farm has a good faith duty to settle within the "policy limits."

[¶ 18] Under the terms of the settlement, State Farm must pay "the maximum policy limits that [it] would be required to offer before judgment against [ ] Stygles to complete a settlement within her policy limits." In my view, this requires payment of the minimum amount State Farm would be required to pay under the policy in the event a judgment were rendered against the insured in excess of the policy limits. Under those circumstances, State Farm would be obligated to pay the $100,000 plus prejudgment interest. In settling for the full value of the "policy limits," State Farm must remit to the Haleys that same exposure under the policy in order to fulfill its good faith duty under the law to protect its insured, despite the absence of a judgment.

[¶ 19] Accordingly, I believe that the Court errs in concluding that, under both Maine law and the plain language of the State Farm policy, the Haleys were not entitled to prejudgment interest as part of their settlement for the "policy limits."